STATE OF SOUTH DAKOTA, Plaintiff, v. FOREMAN, Defendant

(3 N. W.2d 477.)

(File No. 8561.   Opinion filed April 30, 1942.)

**Joe Foreman,** pro se.

SMITH, J.  The application of Joe Foreman for a writ of habeas corpus asserts that he is being illegally detained in the State Penitentiary.  The events leading up to the trial and conviction of the applicant are set forth in the opinion of this Court in State v. King, 62 S. D. 184, 252 N. W. 36.  The premise of the application is that applicant was charged and convicted under Section 4052, Rev. Code of 1919, which provides for a penalty of imprisonment in the State Penitentiary not exceeding five years, and that the trial court exceeded its jurisdiction in sentencing him to imprisonment for the remainder of his natural life.  This premise is not sustained by the showing of the applicant.

It appears from the face of the petition that applicant was charged and convicted under Section 4051, Rev. Code of 1919.

By that Section it is provided:  "Every person * * * who commits any assault and battery upon another by means of any deadly weapon, or by any other means or force likely to produce death, with intent to kill any other person, is punishable by imprisonment in the state penitentiary not exceeding ten years."

Section 4052, under which petitioner contends he should have been sentenced, reads in part as follows:  "Every person who is guilty of an assault with intent to kill any person, the punishment for which is not prescribed in the preceding section, is punishable by imprisonment in the state penitentiary not exceeding five years, * * *."

■■ The information charges "that Joe Foreman, J. B. King and Joe Teel, * * * did commit the crime of Assault with the intent to kill, * * *."  We assume that this language serves as the basis for applicant's contention that he was convicted under Section 4052.  The true nature of the charge, however, is disclosed by the body of the instrument. It is there charged "the said defendants and each of them, being then and there armed with dangerous weapons, namely, knives about six or eight inches long, did then and there unlawfully, wilfully and feloniously commit an assault and battery upon the person of Arthur Muchow by then and

there forcibly striking, cutting, beating, bruising and wounding the said Arthur Muchow, with the said knives aforesaid with the intent upon the part of the said defendants to kill and murder the said Arthur Muchow, and the said knives used aforesaid being such as was likely to produce death, and the said defendants and each of them, did then and there and by said means commit the crime of Assault with the intent to kill, * * *." If it be conceded, without so deciding, that the phrase "Assault with the intent to kill" fails to correctly denominate a crime under Section 4051, and does name a crime within Section 4052, it does not follow that the information charges a violation of Section 4052. The acts alleged by the pleader to have been committed by the defendant, rather than the name he ascribes to the crime, constitute the true test of the nature of the offense charged. This is said to be the almost universal rule. 121 A. L. R. 1088; and see State v. Ewert, 52 S. D. 619, 219 N. W. 817. Thus tested, the information plainly charges a violation of Section 4051.

We turn to a consideration of the provisions of the statutes under which petitioner was sentenced.

■■ As fully set forth in State v. King, supra, the applicant was charged and convicted as a second offender. Section 3612, Rev. Code of 1919, provided:

"Every person who, having been convicted of any offense punishable by imprisonment in the state penitentiary, commits any crime after such conviction, is punishable therefor as follows:

"1. If the offense of which such person is subsequently convicted is such that upon a first conviction an offender would be punishable by imprisonment in the state penitentiary for any term exceeding five years, such person is punishable by imprisonment in the state penitentiary for a term not less than ten years. * * *"

Section 3617, Rev. Code of 1919, provides: "Whenever any person is declared punishable for a crime by imprisonment in the state penitentiary for a term not less than any specified number of years, and no limit to the duration of

such imprisonment is declared, the court authorized to pronounce judgment upon such conviction may, in its discretion, sentence such offender to imprisonment during his natural life, * * *."

It appears from the face of the application that the information under which applicant was convicted charged that theretofore he "had been duly and legally arrested, tried and convicted in the county of Hyde, state of South Dakota, on October 22, 1920, of the crime of Grand Larceny, and had been on said day duly sentenced to serve a term of seven years in the state penitentiary at Sioux Falls, * * *." Thus at the time of his present sentence defendant stood convicted as a second offender. For his first offense, grand larceny, the penalty was not exceeding five years in the penitentiary, Section 4214, Rev. Code of 1919. The second offense, under Section 4051, carried a penalty of not exceeding ten years for a first conviction. Thus it appears manifest that the conditions of Section 3612, supra, were met, and under that section, read in connection with Section 3617, supra, the court in its discretion could impose a life sentence. See 24 C. J. S., Criminal Law, p. 1198, § 1982.

It appearing from the petition that applicant can neither be discharged nor in any manner relieved on habeas corpus, SDC 37.5501, the writ is denied.

All the Judges concur.