281 So.2d 99 (1973)
STATE of Louisiana ex rel. Toler Jackson CHERRY
v.
Warren CORMIER, Warden, Louisiana Correctional Industrial School.
No. 53046.
Supreme Court of Louisiana.
June 11, 1973.
Rehearing Denied August 20, 1973.
*100 Leslie D. Ligon, Jr., Clinton, for plaintiff-applicant.
William J. Guste, Jr., Atty. Gen., Jack E. Yelverton, Asst. Atty. Gen., S. J. Dileo, Jr., Sp. Counsel to Atty. Gen., for defendant-respondent.
BARHAM, Justice.
Relator Cherry applied for and was granted a writ of certiorari to review the judgment of the district court denying his second habeas corpus petition to that court. In his application for certiorari relator contended that the evidentiary hearing held on his first habeas petition was unfair because the district court did not appoint counsel to represent him and that the district court therefore erred in denying his second petition, which was based on that contention.
Relator, represented by court-appointed counsel, was convicted on his plea of guilty without capital punishment of the murder of Gerald Patrick O'Banion and was sentenced to life imprisonment on May 29, 1968.
In December of 1970, relator filed a petition for habeas corpus in the sentencing court.[1] The district court held an evidentiary hearing at which relator was present without counsel, and denied relator's habeas petition, assigning written reasons for judgment. In those reasons the trial court did not address itself to relator's allegation that the police took a statement from him in violation of his Miranda rights, other than to note that relator's attorney testified that he had no knowledge of a statement and that his advice to relator was based solely on his investigation of the facts of the case. The district court noted relator's allegation that he pleaded guilty because his counsel told him he would receive a 3½-year sentence but also noted that the attorney denied this allegation. No mention was made at the evidentiary hearing of relator's allegation that the court did not question him to determine whether his plea was entered knowingly and voluntarily with a full awareness of the consequences. Nor was relator's allegation that counsel entered his guilty plea for him mentioned at the hearing or in the court's written reasons. The district court did, however, discuss in written reasons the representation rendered relator by court appointed counsel and found that the attorneys fully investigated the case and fully *101 advised their client. Although the district court noted that relator stated at the hearing that he did not want to be tried by a jury for murder, the reasons given for judgment were based on the merits of at least some of relator's contentions, and denial was not based on that statement by relator.
After unsuccessfully seeking relief in the federal courts, relator filed the present petition for habeas corpus in the district court. In that petition he asserted, as previously noted, that the evidentiary hearing held by the court on his first habeas petition was not full, fair, and impartial, and that the district court's failure to appoint counsel caused the hearing to be unfair. The district court denied the petition without ordering a hearing. We granted certiorari on relator's application.
Relator now contends that he was not notified that the district court had granted a hearing on his first petition until 5:00 a. m. on the day of the hearing. He alleges that he therefore would not have had time to try to get counsel even if he had known that he had a right to counsel. Relator also alleges that he did not request counsel when he filed his first petition because he thought he would be given counsel. Relator is proceeding in forma pauperis and is an indigent.
We have afforded relator counsel to prosecute the proceedings before this court. In the brief filed in this court on relator's behalf, it is alleged that the district court at the first evidentiary hearing failed to adequately inform relator of the relief available if the writ of habeas corpus was granted. It is further alleged that relator was not offered the opportunity to call witnesses in his behalf or to cross-examine state witnesses. For these reasons, and because counsel was not appointed to represent relator at the hearing, it is alleged that the hearing held was not full, fair, and impartial. Although relator prayed in his petition to the district court that his sentence be vacated, he seeks in this court a new evidentiary hearing with the appointment of counsel.
At the outset, we recognize that, as a general rule, the right to counsel guaranteed by the Sixth Amendment does not necessarily extend to persons seeking collateral relief from a criminal conviction. The appointment of counsel, in both state and federal collateral proceedings, is generally a matter left to the discretion of the court concerned.[2] See United States ex rel. Marshall v. Wilkins, 338 F.2d 404 (2d Cir. 1964); Roach v. Bennett, 392 F.2d 743 (8th Cir. 1968); Hawkins v. Bennett, 423 F.2d 948 (8th Cir. 1970); Lujan v. United States, 431 F.2d 871 (5th Cir. 1970); Sanders v. United States, 455 F.2d 863 (10th Cir. 1972).
Nevertheless, some courts have determined that under certain circumstances the *102 lack of counsel in habeas proceedings may result in an evidentiary hearing which is less than full and fair. See Roach v. Bennett, supra; see also People v. Shipman, 62 Cal.2d 226, 42 Cal.Rptr. 1, 397 P.2d 993 (1965); Duncan v. Robbins, 159 Me. 339, 193 A.2d 362 (1963). Thus the question presented for consideration is not whether there is a Sixth Amendment right to counsel but whether the due process requirements of the Fifth and Fourteenth Amendments have been complied with.
It has been argued, and it is sometimes the case, that the judge who holds an evidentiary hearing can assist the petitioner in the presentation of his claims and thereby obviate the necessity of appointing counsel for the hearing. See discussions in United States ex rel. Marshall v. Wilkins, supra, 388 F.2d at p. 406, and Hawkins v. Bennett, supra, 423 F.2d at p. 950. It is our opinion, however, that it is both unwise and unrealistic to expect the judge presiding at a habeas evidentiary hearing to assume the duty of informing petitioner of his right to cross-examine witnesses and to assist petitioner in marshalling his arguments and presenting his claims. This court has heretofore ordered counsel for indigent relators in habeas corpus proceedings whenever we have ordered an evidentiary hearing in the district court.
When, as in this case, the habeas petitioner has made allegations which, if fully substantiated and explored, may provide the basis for granting the relief sought, we believe that counsel should be appointed to assist the petitioner in presenting his claims at an evidentiary hearing. A review of the transcript of the evidentiary hearing held in the case under consideration shows that some of the allegations made by relator in his habeas petition (the allegations that counsel did not advise him of his right to an appeal and that counsel entered the guilty plea rather than defendant) were not even alluded to in the hearing. The fact that these allegations may not have merit such as would warrant the granting of the habeas relief sought is not the issue here. Nowhere in the hearing transcript does it appear, or is it otherwise alleged, that the relator was apprised of his right to cross-examine the state witnesses. At the hearing relator did not cross-examine the state witnesses. The relator apparently was not told that he had a right to present witnesses to substantiate his allegations, if he could. No witnesses were presented on relator's behalf. The hearing transcript does not reveal any effort of the hearing court to direct relator's testimony to those issues raised in the habeas petition which he did not mention in his testimony at the hearing. Surely, counsel appointed to represent relator at the evidentiary hearing could have assisted relator so as to insure a full and fair examination of the merits of the claims asserted.
It does not appear, from a review of relator's testimony at the evidentiary hearing, that relator is a man of great intellectual capacity. It is alleged, and not disputed, that relator was not told he could call witnesses or cross-examine witnesses. As a witness, relator failed to develop facts which would substantiate the allegations made in his habeas petition. No one encouraged him to do so.
We are convinced that the procedure outlined in our Code of Criminal Procedure, Articles 351-370, designed to afford post-conviction relief to applicants legitimately entitled to it, was not meant to afford an empty and meaningless remedy. We are further convinced that nothing less than a full, fair, and impartial hearing can satisfy relator's due process right to a hearing on substantial claims asserted.
It is inconceivable that a prisoner asserting many claims in a petition for habeas corpus relief could have adequate opportunity to accomplish outside investigation to bolster his factual claims. Nor could a relator so incarcerated have sufficient opportunity to secure and interview witnesses who would be able to testify in *103 his behalf at an evidentiary hearing. To accomplish these ends we feel that counsel must be appointed to assist the habeas petitioner in the presentation of his claims. We cannot allow ourselves to lose sight of the fact that an evidentiary hearing granted in a habeas corpus matter is an adversary proceeding in which the respondent has at its disposal the resources of the State's prosecutorial team and virtually unlimited access to any witnesses and evidence it may care to present. The habeas petitioner, who has the burden of establishing his claims, is without adequate access to the witnesses he may need, and without the legal expertise which would enable him to properly present his claims and counter the State's arguments within the framework of this unfamiliar legal proceeding. We therefore conclude that, except under special circumstances where counsel will not be of assistance, appointment of counsel to represent a habeas petitioner at his evidentiary hearing is necessary to insure a full, fair, and impartial proceeding.
We are of the opinion that the relator in the instant case was not afforded a full, fair, and impartial hearing and did not have the opportunity, at the hearing held, to fully present his habeas claims.
For the reasons assigned we vacate the judgment of the district court and remand to that court with instructions to appoint counsel for relator and to conduct an evidentiary hearing to determine the merits of relator's claims in his first habeas corpus petition.
SANDERS, C. J., dissents with written reasons.
SUMMERS, J., dissent for the reasons assigned.
CALOGERO, J., concurs in the decree only and assigns reasons.
SANDERS, Chief Justice (dissenting).
In this case, the majority holds:
"When, as in this case, the habeas petitioner has made allegations which, if fully substantiated and explored, may provide the basis for granting the relief sought, we believe that counsel should be appointed to assist the petitioner in presenting his claims at an evidentiary hearing."
As I construe it, this holding mandates the appointment of an attorney in every case in which a petitioner has made allegations that may provide a basis for relief. In such cases, no discretion is left to the trial judge. Because I view the holding as unrealistic extension of the right to counsel, founded solely on ex parte allegations, I record my dissent.
In 1968, the Grand Jury of East Feliciana Parish indicted relator for the murder of Gerald Patrick O'Bannion, a route salesman. The court appointed two attorneys to represent him. A sanity hearing was held, and the court found that relator was sane. Thereafter, with the advice of his attorneys, he withdrew his plea of not guilty and entered a plea of guilty without capital punishment. He then received the mandatory life sentence.
In December, 1970, he filed a habeas corpus, post-conviction proceeding seeking to have his conviction set aside, alleging that he had entered the plea of guilty because of the existence of a coerced confession and that his court-appointed counsel failed to adequately represent him. The matter came on for hearing on January 27, 1971, and evidence was adduced. After taking the case under advisement, the district judge concluded the allegations were unfounded and denied the writ. Relief was later denied by the United States District Court. The United States Fifth Circuit Court of Appeal denied three applications for a Certificate of Probable Cause, a prerequisite for review by that Court. *104 The Supreme Court of the United States later denied an application for certiorari.
In October 1973, the relator filed the present petition for habeas corpus asserting, as we have already noted, that the evidentiary hearing on the first petition was unfair and the failure to appoint counsel for that hearing violated his constitutional rights under the Sixth Amendment and the Due Process Clause of the Fourteenth Amendment. On October 31, 1973, the trial judge denied the application on the face of the pleadings, being of the opinion that the showing made was insufficient to warrant the release of relator. We granted certiorari. See 264 La. 222, 270 So.2d 874.
In his petition for habeas corpus to the trial court, relator prayed that his sentence be vacated. In his brief to this Court, however, he seeks a new evidentiary hearing with the appointment of counsel.
The first habeas corpus proceeding has long since been concluded, and the adverse judgment should not be vacated, absent a clear showing of the deprivation of a constitutional right in the proceeding.
Relator strenuously asserts that he was entitled to the appointment of counsel for the evidentiary hearing. He does not allege that he requested the appointment of counsel, though he states he was unaware of his right to counsel.
As a constitutional safeguard in criminal cases, the right to counsel has been recognized at all crucial stages of the guilt determination process. Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963); Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963); Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).
Used as a post-conviction remedy, a habeas corpus proceeding is a collateral attack upon the validity of the conviction and sentence based upon the fundamental grounds listed in Article 362 of the Louisiana Code of Criminal Procedure. The proceeding cannot properly be used as a substitute for an appeal or to reopen matters settled at the trial, including guilt determination and waivable irregularities. See Comment (a), LSA-C.Cr.P. Art. 362.
Neither the United States Supreme Court nor this Court has interpreted the United States Constitution to afford an indigent person an absolute right to a counsel in such a collateral proceeding. The majority rule, from the decisions of the lower federal courts and state courts, is that an indigent has no constitutional right to the appointment of counsel in a postconviction proceeding and that the appointment of counsel for a post-conviction hearing is discretionary. See Baker v. United States, 334 F.2d 444 (8th Cir. 1964); Barker v. Ohio, 330 F.2d 594 (6th Cir. 1964); Richardson v. United States, 199 F.2d 333 (10th Cir. 1952); Crowe v. United States, 175 F.2d 799 (4th Cir. 1949), cert. den. 338 U.S. 950, 70 S.Ct. 478, 94 L.Ed. 586; State v. Weeks, Fla., 166 So.2d 892 (1964); Loftis v. Amrine, 152 Kan. 464, 105 P.2d 890 (1940); Comment, The Right to Appointed Counsel at Collateral Attack Proceedings, 19 U.Miami L.Rev. 432, 445-447 (1964).
Having concluded that the failure to appoint counsel does not rise to a constitutional dimension, relator's attack upon the prior judgment should fail. Assuming, however, that we can now examine the 1971 hearing record to determine whether the trial judge abused his discretion in failing to appoint counsel, my examination discloses no abuse of discretion.
In concluding his written opinion, denying relief, the trial judge fairly summarized the evidence as follows:
"Aside from petitioner's admission that he did not want to be tried, we find absolutely no merit in his allegations. Mr. Kline [petitioner's attorney] testified that he had absolutely no knowledge of either a written or an oral confession and that his advice to his client was based solely on his investigation of the *105 facts of the case which had to do with the circumstances surrounding the actual shooting. We have no doubt that Mr. Kline and co-counsel fully investigated the case and fully advised their client of such investigation. The only defense possible was that the gun fired accidentally as Cherry held it to O'Bannion's head. Counsel did not think that this plea would sufficiently impress the jury, and I agree. Mr. Kline is an experienced lawyer with some ten years legal experience at the time he represented Cherry. Much of Mr. Kline's practice is in the criminal field. Nor do we doubt that Cherry made an intelligent and voluntary decision when he pleaded guilty without capital punishment. He made such decision on excellent advice."
Since the thrust of the inquiry was whether a coerced confession had a causal relation to the plea of guilty, the main testimony came from the attorneys who represented relator at the time of the plea of guilty. Both attorneys repudiated the allegations of relator's petition. The record also reflects that they provided effective representation. I find no unusual circumstances indicating the need for the appointment of counsel at the post-conviction hearing, nor could the assistance of counsel have added materially to the administration of justice.
For the reasons assigned, I respectfully dissent.
SUMMERS, Justice (dissenting).
I join the Chief Justice in his dissent. In addition, I do not agree with the rule formulated by the majority because, in my view, the appointment of counsel at an evidentiary hearing in post conviction proceedings is a matter which addresses itself to the sound discretion of the trial judge. If we should find an abuse of that discretion in any case, the rights of the habeas petitioner can be amply protected on review by this Court.
In most cases, in my opinion, the trial judge can afford adequate protection to petitioner. The rule the majority imposes is another encumbrance to the administration of justice. The rule shall prove costly and a drag upon the expeditious handling of the numberless applications for post conviction remedies which the decisions of this Court are constantly encouraging.
CALOGERO, Justice (concurring).
The majority opinion is no far-reaching or profound decision; it will have no adverse effects on the administration of Criminal Justice. The American Bar Association Minimum Standards for the Administration of Criminal Justice require that counsel be appointed in all cases where an indigent seeks post conviction collateral relief from a prior conviction.[1] Furthermore, throughout most of the state, and especially in the urban areas where crime is most prevalent and where habeas corpus hearings are the most frequent, it is the present practice to afford an indigent with counsel where he is granted an evidentiary hearing on his habeas corpus petition.
There are no constitutional issues involved here. The majority of state jurisdictions and several federal appellate courts have determined that an indigent is not constitutionally guaranteed counsel in a post conviction proceeding collaterally attacking a prior conviction. See 19 U.Miami L.Rev. 432, 445-447 (1964) and cases cited in Footnotes 74 and 76, therein. However, for the reasons hereinafter given I feel that in the instant case, the petitioner should have been afforded counsel.
La.C.Cr.P. Art. 460 provides that whenever the district court grants a writ of habeas corpus, the court shall proceed summarily *106 with a hearing at which evidence is to be introduced. I believe that implicit in the right to a hearing at which evidence is to be introduced is the right to a full, fair and impartial hearing. In many instances, it is necessary to afford the habeas petitioner with counsel to insure that his right to a fair hearing under La.C.Cr.P. Art. 460 is protected. On some occasions, depending upon the allegations of the petition, the trial judge may determine that counsel is not necessary to provide an effective hearing. It is for this court to determine on review of the trial judge's decision whether he has abused his discretion in denying the indigent habeas petitioner assistance of counsel at the hearing. In so doing this court is merely attempting to insure that the petitioner's statutory right to a hearing is made an effective one. Thus, the question in all instances should be whether the trial judge has abused his discretion in denying the petitioner the assistance of counsel at the hearing.
In the instant case, the petitioner's hearing was less than effective due to the lack of counsel. As it is shown in the majority opinion, substantial allegations made by the petitioner in his habeas petition were not developed at the hearing and were not even alluded to in the trial court's written reasons for the judgment denying petitioner the relief sought. Furthermore, the petitioner did not cross-examine any witnesses presented by the state, nor did he call any witnesses to testify on his behalf.
It is apparent to me that the petitioner was afforded a less than adequate hearing due to the failure of the trial judge to appoint counsel.
For the reasons herein assigned I concur in the remand of the case for the appointment of counsel and a new hearing.
NOTES
[1] In that petition relator alleged that: (1) law enforcement officers took a statement from him without first having apprised him of his Miranda rights; (2) his court-appointed counsel told him that he would get only a mild sentence if he pleaded guilty; (3) the district judge did not question him to determine whether his plea was voluntarily and knowingly entered with a full awareness of the consequences (Boykin allegations); (4) his court-appointed counsel entered his plea; and (5) his court-appointed counsel did not advise him of his right to appeal and did not try to have the charge reduced to manslaughter.
[2] However, the Approved Draft, 1968, American Bar Association Project on Minimum Standards for Criminal Justice relating to Post-Conviction Remedies provides in pertinent part:

"4.4 Appointment of counsel; withdrawal of appointed counsel
"(a) It is most desirable to avoid processing of applications for post-conviction relief beyond the initial screening of the documents without counsel representing the applicant. Counsel should be provided for pro se applicants to afford adequate representation. * * *"
In the commentary to this section the following is noted: "It is a waste of valuable judicial manpower and an inefficient method of seriously treating the substantive merits of applications for post-conviction relief to proceed without counsel for the applicants who have filed pro se. * * * Exploration of the legal grounds for complaint, investigation of the underlying facts, and more articulate statement of the claims are functions of an advocate that are inappropriate for a judge, or his staff. * * * On the other hand, it is not necessary to appoint counsel for every application. If an application, in light of the state's response, raises no claim cognizable in a post-conviction proceeding, it is wasteful to appoint counsel to determine solely if the applicant has some grounds for relief not stated in his original application. * * *"
[1] See ABA Standards Relating to Providing Defense Services 4.2.