Clifford Guy CLOTHIER, Plaintiff
and Appellant,

v.

Herman SOLEM, Warden of the South
Dakota Penitentiary, Defendant
and Appellee.

No. 16519.

Supreme Court of South Dakota.

Considered on Briefs May 26, 1989.

Decided Aug. 9, 1989.

Jean M. Cline of Finch, Viken, Viken and
Pechota, Rapid City, for plaintiff and appel-
lant.

John M. Strohman, Asst. Atty. Gen.;
Roger A. Tellinghuisen, Atty. Gen., Pierre,
on brief, for defendant and appellee.

## ACTION

PER CURIAM.

Clifford Guy Clothier (Clothier) appeals
the trial court's order denying his applica-
tion for a writ of habeas corpus. We re-
verse and remand.

## FACTS

This habeas corpus action arises out of
Clothier's conviction for first degree man-
slaughter in January 1985. Only those
facts necessary to a discussion of the is-
sues in the habeas corpus action are set
forth. A more complete rendition of the
facts surrounding the conviction can be
found in this court's decision in *State v.
Clothier*, 381 N.W.2d 253 (S.D.1986).

Clothier was convicted for the man-
slaughter of Mike Hawkins in November
1984. Hawkins' death was the result of an
early morning altercation at Clothier's ru-
ral trailer home with Hawkins and two
companions, Muriel Riggins and Cheryl
Jackson, on one side of the dispute and

Clothier and his wife Share on the other. The dispute centered on allegations that Share Clothier had informed the police that Hawkins was distributing drugs and that Muriel Riggins was involved in prostitution.

During the course of events that morning, Hawkins used the jeep he was driving to push Clothier's pickup into a nearby creek. This in turn prompted Clothier to approach the driver's door of the jeep, pistol in hand, where he shot Hawkins in the head, killing him. Sitting in the jeep next to Hawkins at this time were Muriel Riggins and Cheryl Jackson.

Clothier was later charged with one count of first degree murder. Attorney Gary Colbath was appointed to represent him. During Clothier's jury trial, Cheryl Jackson appeared as a witness on behalf of the prosecution. Colbath conducted the cross-examination of Jackson.

Clothier was ultimately convicted of first degree manslaughter. His conviction was affirmed by this court in 1986. *Clothier, supra.* On July 28, 1988, Clothier filed a pro se application for a writ of habeas corpus. The application alleged that prior to Clothier's trial Colbath had represented Cheryl Jackson in a legal matter. The application further alleged that this prior representation of a prosecution witness created a conflict of interest for Colbath which denied Clothier his sixth amendment right to effective assistance of trial counsel.

On August 24, 1988, state filed a return to Clothier's habeas corpus application. That same day, without having held an evidentiary hearing, the trial court entered a memorandum opinion denying Clothier's application. The trial court filed its formal order denying the application on August 26, 1988. A certificate of probable cause was issued and this appeal followed.

## ISSUE

Whether the trial court erred in denying Clothier's application for a writ of habeas corpus without holding an evidentiary hearing?

## DECISION

SDCL 21–27–5 provides:

The court or judge to whom the application for a writ of habeas corpus is made, shall forthwith award the writ, *unless it shall appear from the application itself or from any document annexed thereto, that the applicant can neither be discharged nor admitted to bail, nor in any other manner relieved.* (emphasis added).

In this instance, the trial court found that Clothier could not in any manner be relieved because his application failed to demonstrate that he was prejudiced by Colbath's alleged conflict of interest. Accordingly, the trial court denied Clothier's application without the evidentiary hearing mentioned in SDCL 21–27–14.* Clothier argues that the failure to hold a hearing was a denial of his right to due process of law under the fifth and fourteenth amendments of the U.S. Constitution and art. 6, § 2 of the South Dakota Constitution.

Despite Clothier's contentions, the rule is well established that the right to a hearing on an application for a writ of habeas corpus arises only if the application sets forth facts which, if true, would entitle the applicant to relief. *McElhaney v. Auger,* 238 N.W.2d 797 (Iowa 1976); *State ex rel. Roy v. Tahash,* 277 Minn. 238, 152 N.W.2d 301 (1967); *Gamron v. Parratt,* 199 Neb. 163, 256 N.W.2d 867 (1977). *See, e.g., State v. Foreman,* 68 S.D. 412, 3 N.W.2d 477 (1942) (where it appeared from the petition that the applicant could neither be discharged nor in any manner relieved on habeas corpus, the writ was denied). A full evidentiary hearing is unwarranted where no substantial factual issues exist. *Id.* A similar rule has been endorsed by the United States Supreme Court which has stated that denial of an evidentiary hearing in a habeas corpus action where no factual is-

---

* SDCL 21–27–14 provides:

The court or judge shall proceed in a summary way to settle the facts by hearing the evidence and arguments, as well of all persons interested civilly, if any there be, as of the applicant and the person who holds him in custody, and shall dispose of the applicant as the case may require.

sues exist deprives an applicant of "no substantial right." *Walker v. Johnston,* 312 U.S. 275, 284, 61 S.Ct. 574, 578, 85 L.Ed. 830, 835 (1941). *Accord Townsend v. Sain,* 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963).

▪ In this instance, Clothier's application for a writ of habeas corpus was based on a claim of ineffective assistance of trial counsel. Normally, to make out an ineffective assistance of counsel claim an applicant must show that his counsel's representation fell below an objective standard of reasonableness and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different (i.e. prejudice). *Jones v. State,* 353 N.W.2d 781 (S.D.1984) *citing Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). However, this case involves a claim that counsel's assistance was rendered ineffective by a conflict of interest. Prejudice is presumed in such cases if the applicant demonstrates that his counsel actively represented conflicting interests and that an actual conflict of interest adversely affected his lawyer's performance. *Strickland, supra; Cuyler v. Sullivan,* 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980).

The Eighth Circuit Court of Appeals has specifically addressed the necessity of a hearing in a habeas corpus action based on an alleged conflict of interest by trial counsel. The Eighth Circuit has followed the rule that if there is no dispute as to the facts concerning the conflict or if any dispute can be resolved on the basis of the record and the facts do not support the existence of a conflict, denial of the habeas corpus application without a hearing is appropriate. *See Wright v. State of Minn.,* 833 F.2d 746 (8th Cir.1987). However, if it cannot be determined from the record whether a conflict of interest actually existed, so the facts are in doubt, an evidentiary hearing should be held to afford the applicant a chance to support with specific evidence the allegations he has made. *Edgemon v. Lockhart,* 768 F.2d 252 (8th Cir. 1985).

▪ Courts have looked to a variety of factors in determining the existence of an actual conflict of interest resulting from a defense attorney's prior representation of a prosecution witness. Chief among these are: whether counsel did undertake professional representation of the witness at some time (*Wright, supra*); whether that representation was simultaneous with counsel's representation of the defendant (*Smith v. White,* 815 F.2d 1401 (11th Cir. 1987)); the length of time between counsel's representation of the witness and his representation of the defendant (*United States v. Paone,* 782 F.2d 386 (2nd Cir. 1986)); whether there was a substantial relationship between counsel's representation of the witness and his representation of the defendant (*Smith, supra*); whether during counsel's representation of the witness he learned particular confidential information that would have been relevant to the defendant's case (*Id.*); whether counsel's cross-examination of the witness reflects that he was hampered out of concern for treading on their attorney/client relationship (*United States v. Martinez,* 630 F.2d 361 (5th Cir.1980)); and, if counsel's cross-examination of the witness was limited, whether there was a strategic reason for it (*Nance v. Benson,* 794 F.2d 1325 (8th Cir.1986); (*Theodore v. State of New Hampshire,* 614 F.2d 817 (1st Cir.1980)).

▪ In this instance, Clothier alleged that Colbath previously represented prosecution witness Cheryl Jackson, that he was unaware of this representation and that because of this representation Colbath was impeded in his ability to impeach Jackson for bias. Under the foregoing factors these are relevant considerations in determining whether Colbath did have an actual conflict of interest in his defense of Clothier. If Clothier can prove his allegations with *specific* evidence and meet the conflict of interest standards of *Strickland,* he could be entitled to relief. *Edgemon, supra.*

The record contains no facts bearing on the allegations made by Clothier. The record reveals only that Colbath did at one time represent Cheryl Jackson's husband,

Ross, in a criminal matter. However, it cannot be ascertained from the record whether Colbath did represent Cheryl Jackson and, if he did, whether this representation created an actual conflict of interest for Colbath adversely affecting his performance in defending Clothier.

Accordingly, we reverse and remand this matter to the trial court for an evidentiary hearing.