#25626-a-PER CURIAM

**2010 S.D. 105**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

STATE OF SOUTH DAKOTA,                     Plaintiff and Appellee,

   v.

STANLEY REED,                              Defendant and Appellant.

* * * *

APPEAL FROM THE CIRCUIT COURT
OF THE SEVENTH JUDICIAL CIRCUIT
PENNINGTON COUNTY, SOUTH DAKOTA

* * * *

HONORABLE JEFF W. DAVIS
Judge

* * * *

MARTY J. JACKLEY
Attorney General

ANDREW KNECHT
Assistant Attorney General          Attorneys for plaintiff
Pierre, South Dakota                and appellee.

MITCHELL D. JOHNSON of
Johnson Law Office                  Attorney for defendant
Rapid City, South Dakota            and appellant.

* * * *

CONSIDERED ON BRIEFS
ON NOVEMBER 15, 2010

OPINION FILED **12/29/10**

#25626

PER CURIAM.

[¶1.]     Stanley Reed (Reed) filed a petition for writ of habeas corpus including an application for court-appointed counsel. The habeas court found Reed's petition "frivolous" and therefore not made in "good faith" as required by SDCL 21-27-4. Reed's petition and request for appointed counsel were denied. We adopt an objective definition of "good faith," one that includes a determination that the issues raised in the petition are not frivolous, in interpreting SDCL 21-27-4. The habeas court is affirmed.

## BACKGROUND

[¶2.]     Reed pleaded guilty to felony distribution of a controlled substance and third-degree rape. Reed filed a petition for a writ of habeas corpus accompanied by a request for court-appointed counsel. After his petition was dismissed by the habeas court, Reed moved this Court for a certificate of probable cause (CPC) in order to appeal dismissal of his petition. This Court granted the motion for CPC to address the definition of "good faith" as used in SDCL 21-27-4.

## ANALYSIS AND DECISION

[¶3.]     SDCL 21-27-4 provides in part:

> If a person has been committed, detained, imprisoned or restrained of his liberty, under any color or pretense whatever, civil or criminal, and if upon application made in good faith to the court or judge thereof, having jurisdiction, for a writ of habeas corpus, it is satisfactorily shown that the person is without means to prosecute this proceeding, the court or judge shall appoint counsel for the indigent person pursuant to chapter 23A-40.

[¶4.]     The habeas court interpreted the "good faith" requirement of this section to qualify the statutorily mandated appointment of habeas counsel such that

-1-

counsel need only be appointed when the petition raises any issue that is not frivolous. As stated by the habeas court, "a petition which lists only frivolous, or meritless, grounds for habeas relief is not made in good faith and does not warrant the appointment of counsel."

[¶5.] This Court has not previously addressed the language of SDCL 21-27-4 conditioning appointment of counsel "upon application made in good faith." Some guidance is provided in SDCL 2-14-2. This section states in relevant part:

> Terms used throughout the code of laws enacted by § 2-16-13, mean: . . . "Good faith," an honest intention to abstain from taking any unconscientious advantage of another, even through the forms or technicalities of law, together with an absence of all information or belief of facts which would render the transaction unconscientious[.]

*Id.* But inclusion of "render the transaction unconscientious" suggests this definition is meant for use in a transactional context.

[¶6.] Reed urges a subjective definition of "good faith." This Court has previously defined "good faith" in this manner. *See, e.g., B.W. v. Meade County,* 534 N.W.2d 595, 598 (S.D. 1995) ("Acting in good faith denotes performing honestly, with proper motive, even if negligently."). This Court has not, however, applied such a definition of "good faith" in the context of SDCL 21-27-4.

[¶7.] Reed cites authority from other jurisdictions that comment on the importance of habeas counsel. While those cases articulate the value of habeas

counsel, each of the jurisdictions cited allow habeas courts to refuse appointed

counsel to petitioners who have filed frivolous petitions.[1]

---

1.  "However, there is no requirement that a court, in every instance, appoint counsel." *Mugnano v. Painter,* 575 S.E.2d 590, 592 (W. Va. 2002). This rationale is based upon the relevant portion of the West Virginia code, which states: "If the court . . . is satisfied that the facts alleged in this regard are true, and that the petition was filed in *good faith*, and has merit or is not frivolous, the court shall order that the petitioner proceed in forma pauperis and the court shall appoint counsel for the petitioner." W. Va. Code § 53-4A-4(a) (emphasis added).

    The Virginia authority Reed cites contains the following language:

    > The rule adopted by the majority of the courts is that while a petitioner is not in every instance entitled to the assistance of counsel in the prosecution of his petition for writ of habeas corpus, the nature and the contents of the relief sought and the basis of the error or defect charged may require that such appointment be made. If it appears from a reading of the petition that the points raised are *frivolous* and plainly do not justify a judicial inquiry, as is frequently the case, the appointment of counsel is not required.

    *Darnell v. Peyton,* 160 S.E.2d 749, 751 (Va. 1968) (emphasis added).

    Similarly the New York case Reed cites recognizes the importance of habeas corpus and therefore the importance of habeas counsel, but acknowledges: "In so holding, it is not concluded that in every habeas corpus proceeding, however *baseless*, or however repetitious, the court must burden the Bar with responsibilities for futile representation of litigious prisoners." *People ex. rel. Williams v. La Vallee,* 225 N.E.2d 735, 736 (N.Y. 1967) (emphasis added).

    Reed quotes extensively from a recent Nevada Supreme Court case addressing factors to be applied in determining whether habeas counsel should be appointed. The case quoted, however, acknowledges that the Nevada statutory scheme allows discretion for appointment of post-conviction counsel. "NRS 34.750 provides for the *discretionary* appointment of post-conviction counsel . . . ." *Ford v. Nevada,* 2009 WL 1492140, *1 (Nev. 2009) (unpublished) (emphasis added).

    Reed also cites a Pennsylvania case discussing the preference for appointment of counsel when the factual and legal issues are complex. But

(continued . . .)

[¶8.]        The habeas court borrowed the U.S. Supreme Court's interpretation of "good faith" used for determining whether to allow indigent defendants to appeal in forma pauperis. *See Coppedge v. United States*, 369 U.S. 438, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962). The statutory language interpreted by *Coppedge* reads: "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C.A. 1915(a)(3). In this context, the U.S. Supreme Court rejected a subjective construction of "good faith." *Coppedge,* 369 U.S. at 444-45, 82 S.Ct. at 920-21. Instead, the Supreme Court adopted an objective standard for determining "good faith." "We consider a defendant's good faith in this type of case demonstrated when he seeks appellate review of any issue not frivolous." *Coppedge,* 369 U.S. at 445, 82 S.Ct. at 921.

[¶9.]        The habeas court further cited Eighth Circuit precedent requiring a showing of non-frivolousness prior to appointment of federal habeas counsel. The language examined by the Eighth Circuit reads: "Whenever the United States magistrate judge or the court determines that the interests of justice so require,

_____

(. . . continued)
> the specific holding of that case was that "we are unable to conclude that the court below abused its discretion in denying appellant's request for the appointment of counsel." *Commonwealth ex. rel. Bell v. Russell,* 220 A.2d 632, 634 (Pa. 1966).

> Finally, Reed cites Louisiana authority. The Louisiana court held: "except under special circumstances where counsel will not be of assistance, appointment of counsel to represent a habeas petitioner at his evidentiary hearing is necessary to insure a full, fair, and impartial proceeding." *Cherry v. Cormier,* 281 So.2d 99, 103 (La. 1973). Even this case, however, stands for the proposition that when an evidentiary hearing is conducted, a petitioner should be appointed counsel. But the South Dakota habeas scheme does not require an evidentiary hearing on every habeas petition. *See Clothier v. Solem,* 444 N.W.2d 384, 385 (S.D. 1989).

representation may be provided for any financially eligible person. . . ." 18 U.S.C. 3006(a)(2). Federal interpretation of this statute to include a finding of non-frivolousness is clear. *Abdullah v. Norris,* 18 F.3d 571, 573 (8th Cir. 1994) ("If the petitioner has presented only claims that are frivolous or clearly without merit, the district court should dismiss the case on the merits without appointing counsel.").

[¶10.] But we must consider that South Dakota provides greater protection to habeas petitioners than provided by the federal scheme. In *Sweeney v. Leapley*, this Court adopted the *Anders* briefing procedure for appointed habeas counsel who determines their client's appeal to be without merit. 487 N.W.2d 617, 620 (S.D. 1992) (citing *Anders v. California,* 386 U.S. 738, 744-45, 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493, 498-99 (1967) (requiring appointed counsel who have determined their client's position to be without merit to include with their request to withdraw a brief "referring to anything in the record that might arguably support the appeal.")). The U.S. Supreme Court has determined this procedure does not apply in federal habeas proceedings. *Id.* at 619 (citing *Pennsylvania v. Finley*, 481 U.S. 551, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987)). In *Sweeney*, this Court explicitly provided more protection to indigent state habeas petitioners than afforded by the federal courts. "We feel that South Dakota should provide more protection than afforded in *Finley*. We have authorized writs of habeas corpus by statute, SDCL ch. 21-27, and by our own constitution, Art. V, § V and Art. VI, § VII. Our statutes authorize court appointed counsel, SDCL 21-27-4." *Id.* at 620. But *Sweeney* does not address application of "good faith" as used in SDCL 21-27-4. Nor does it mandate that all habeas petitioners, even those raising only frivolous allegations, be appointed counsel.

[¶11.]    There is no constitutional right to habeas counsel.  But this Court has recognized the statutory right to counsel for indigent prisoners.  "It is beyond dispute that our legislature has required that counsel be appointed for indigent prisoners in habeas proceedings.  SDCL 21-27-4.  Our legislature has spoken in spite of the fact that the United States Constitution does not mandate this requirement."  *Jackson v. Weber*, 2001 S.D. 136, ¶ 12, 637 N.W.2d 19, 22 (citing *Coleman v. Thompson*, 501 U.S. 722, 755, 111 S.Ct. 2546, 2567, 115 L.Ed.2d 640, 672 (1991)).  While the legislature requires that counsel be appointed for indigent prisoners in habeas proceedings, it has conditioned that appointment "upon application made in good faith."  SDCL 21-27-4.  Like *Sweeney*, *Jackson* does not interpret "good faith" as used in 21-27-4.

[¶12.]    The U.S. Supreme Court settled on an objective definition of "good faith" because of the problems associated with a subjective interpretation.

> Such a construction would deprive the legislation of sensible meaning, there probably being no convicted defendant who would not sincerely wish a Court of Appeals to review his conviction.  Further, a subjective standard might suggest that only persons who, in good conscience, could insist on their innocence, are to be entitled to a review of their convictions without payment of costs.

*Coppedge,* 369 U.S. at 444-45, 82 S.Ct. at 920-21.  Likewise, in the present context, most likely all prisoners sincerely desire an attorney to help discover and establish constitutional deprivations which may set them free.  Therefore, a subjective interpretation of "good faith" would not effectively qualify "application," rendering "good faith" meaningless.

[¶13.] Even though South Dakota offers habeas petitioners greater protection than the federal scheme, this Court has an obligation to interpret statutes to grant meaning to all language. *Wiersma v. Maple Leaf Farms,* 1996 S.D. 16, ¶ 5, 543 N.W.2d 787, 789 ("We presume the Legislature never intends to use surplusage in its enactments, so where possible the law must be construed to give effect to all its provisions."). An objective interpretation, requiring a petition to be not frivolous before counsel must be appointed, prevents the "good faith" requirement of SDCL 21-27-4 from becoming meaningless. Therefore, an application is submitted in "good faith," pursuant to SDCL 21-27-4, when the petitioner alleges grounds for habeas relief that are not frivolous.

[¶14.] Those courts requiring a habeas petition be not frivolous before appointment of counsel is required agree that appointment of counsel is left to the discretion of the habeas court. "The appointment of counsel, in both state and federal collateral proceedings, is generally a matter left to the discretion of the court concerned." *Cherry,* 281 So.2d at 101. *See also Wise v. State,* 708 N.W.2d 66, 69 (Iowa 2006). Therefore, this Court reviews the habeas court's denial of requested counsel, and thus the determination of frivolity, for an abuse of discretion.

[¶15.] Reed's petition for habeas corpus alleges ineffective assistance of counsel based upon his mental state at the time he pleaded guilty. Essentially, Reed argues his counsel gave him erroneous advice regarding pleading guilty in light of his mental status. Reed suggests that but for the erroneous advice of counsel he would not have pleaded guilty.

[¶16.]    As pointed out by the habeas court, Reed completed competency treatment prior to pleading guilty. Upon completion of this treatment, the trial court held an evidentiary hearing regarding Reed's competency. Dr. Ramesh Somepalli, who treated Reed at the Human Services Center in Yankton, testified that Reed was competent to stand trial, able to understand the proceedings, and able to assist his attorney.

[¶17.]    In order to establish ineffective assistance of counsel, Reed must overcome a strong presumption in favor of effective representation. *See, e.g., Dillon v. Weber,* 2007 S.D. 81, ¶ 7, 737 N.W.2d 420, 424. At the change of plea hearing, Reed testified that his pleas were free and voluntary. Reed also testified that the medication he was taking at the time of the change of plea helped him focus better. The habeas court did not abuse its discretion in deciding the issues raised in the petition for writ of habeas corpus were frivolous.

[¶18.]    "Good faith," as that term is used in SDCL 21-27-4, is demonstrated when a petitioner raises any basis for habeas relief that is not frivolous. The habeas court did not abuse its discretion when it determined that Reed's petition, which did not proceed to a hearing, raised only frivolous allegations.[2] The order of

---

2.    A habeas petitioner is not entitled to an evidentiary hearing. *Clothier*, 444 N.W.2d at 385. However, if an evidentiary hearing is to be conducted, the habeas court should consider this in determining whether to appoint counsel. While not presently before us, this Court notes the Louisiana approach, which requires habeas counsel be appointed before an evidentiary hearing. "Except under special circumstances where counsel will not be of assistance, appointment of counsel to represent a habeas petitioner at his evidentiary hearing is necessary to insure a full, fair, and impartial proceeding." *Cherry,* 281 So.2d at 103.

#25626

the habeas court denying Reed habeas counsel and dismissing the petition for writ of habeas corpus is affirmed.

[¶19.]     GILBERTSON, Chief Justice, and KONENKAMP, ZINTER, MEIERHENRY, and SEVERSON, Justices, participating.