## Ronald Leroy Howard

### V.

## Warden of The Buckingham Correctional Center

Record No. 850751

September 5, 1986

Present: All the Justices

*Edward D. Barnes (Englisby, Barnes & Allen*, on brief), for petitioner.

*Frank S. Ferguson, Assistant Attorney General (Mary Sue Terry, Attorney General*, on brief), for Respondent.

CARRICO, C.J., delivered the opinion of the Court.

This is an original petition for a writ of habeas corpus filed by Ronald Leroy Howard against the Warden of the Buckingham Correctional Center. The dispositive question in the case is whether habeas corpus lies to correct errors of counsel allegedly committed in a prior habeas proceeding.

Howard is being detained pursuant to judgments rendered by the Circuit Court of Arlington County on December 8, 1982, sentencing him to serve a total of 18 years in the penitentiary upon his conviction of two counts of robbery and two counts of using a firearm in the commission of robbery. Following his conviction, Howard filed a petition for appeal in this Court alleging errors in the admission of identification evidence. By order entered June 29, 1983, we refused the petition. Attorney Matthew P. Bangs represented Howard at trial and in seeking an appeal.

On September 6, 1983, Howard filed with this Court an original habeas corpus petition attacking his conviction on grounds of ineffective assistance of trial counsel, prosecutorial misconduct, and abuse of discretion by the trial judge. By order entered May 11, 1984, we awarded Howard a writ returnable to the Circuit Court of Arlington County for determination of the issues of (1) ineffective assistance of counsel in failing to discover, interview, and summon witnesses, and (2) prosecutorial misconduct in withholding and suppressing exculpatory evidence and introducing testimony known to be false.

The circuit court appointed R. Ramsey Maupin, an Arlington attorney, to represent Howard. Maupin filed a request for a subpoena duces tecum, seeking to discover the contents of the prosecution file of the Commonwealth's Attorney and the investigation file of the police department. The court denied discovery of the prosecution file because Maupin had failed to follow proper procedures to obtain a subpoena duces tecum.[1] The court also denied discovery of the investigation file, holding that police department files are privileged and hence not "open . . . to every defendant who would claim that he has a right to examine [such files]." Then, on February 20, 1985, after a hearing, the court dismissed Howard's petition for habeas corpus.

---

[1] The trial court noted that Maupin had been given the opportunity to review the file of the Commonwealth's Attorney.

Maupin filed a notice of appeal to the Court of Appeals of Virginia and also filed an appendix and opening brief.[2] The Attorney General filed a motion in the Court of Appeals listing several deficiencies in the appendix and asking that Howard be compelled "to prepare a proper appendix in conformity with the requirements of Rule 5A:25."

In response to this motion, the Court of Appeals on August 5, 1985, ordered Howard to "re-file his appendix and opening brief" by September 16, 1985. When Howard failed to comply with this order, the court dismissed his appeal.

Howard filed his present petition for habeas corpus in this Court on September 23, 1985. In the petition, Howard alleged a variety of grounds for relief. The Attorney General moved to dismiss the petition in its entirety. By order entered February 25, 1986, we dismissed most of the allegations as barred by Code § 8.01-654(B)(2), *Hawks* v. *Cox*, 211 Va. 91, 175 S.E.2d 271 (1970), or *Slayton* v. *Parrigan*, 215 Va. 27, 205 S.E.2d 680 (1974), *cert. denied*, 419 U.S. 1108 (1975).

The remaining portions of Howard's petition alleged that habeas counsel was ineffective for failing to object to the habeas court's denial of discovery and for failing to perfect Howard's habeas appeal. We ordered that these allegations be docketed for argument along with a threshold question posed by this Court, *viz.*, whether habeas corpus lies to correct the errors of counsel allegedly committed in a prior habeas proceeding. As indicated earlier, we think this is the dispositive question in the case.

Howard argues that habeas corpus does lie to correct errors committed by counsel in a prior habeas proceeding. Habeas corpus is designed to challenge the validity of detention, Howard notes, and had he prevailed in his prior habeas proceeding, he would have been released from detention. Yet, Howard complains, the ineffectiveness of his habeas counsel denied him a fair habeas hearing and "stands as the bar to his liberty."

Howard concedes that "not . . . all petitioners seeking habeas corpus relief . . . are entitled to counsel" as a matter of constitutional right. He argues, however, that once the trial court decided he was entitled to have counsel assist him in seeking habeas relief, he was entitled to effective counsel. When his assigned lawyer per-

---

[2] As a result of a 1985 amendment to Code § 17-116.05:1, habeas corpus appeals from circuit courts now lie to the Supreme Court. Acts 1985, c. 371.

formed inadequately, Howard asserts, he was deprived of his Sixth Amendment right to the assistance of counsel. The only way he can redress this deprivation, Howard concludes, is by the use of habeas corpus, the "safety net to [correct] mistakes in the legal system where a prisoner is incarcerated due to error."

We disagree with Howard's premise that habeas corpus is available to correct errors committed by counsel in a prior habeas proceeding. As the Attorney General states on brief, "[t]he writ of habeas corpus is available for limited, clearly delineated purposes." Its function is to test the validity of detention, and, for this purpose, the law permits a prisoner to mount a collateral attack upon his conviction or sentence. This was the purpose of Howard's first habeas petition.

Howard's present petition, however, has a different purpose. It represents an attack upon a prior habeas proceeding, a proceeding collateral to the judgment pursuant to which Howard is detained, rather than upon the detention itself. The present proceeding is, in essence, a collateral attack upon a collateral attack, a habeas upon a habeas, and this is an impermissible use of habeas corpus. *Pierce* v. *State of Okl.*, 436 F. Supp. 1026, 1033 (W.D. Okla. 1977); *Welborn* v. *Cox*, 337 F. Supp. 16, 17 (W.D. Va. 1971); *Stokley* v. *State of Maryland*, 301 F. Supp. 653, 657 (D. Md. 1969).

Furthermore, we do not agree with Howard that he has suffered a denial of constitutional right in Maupin's allegedly inadequate performance in the prior habeas proceeding. "There is no Constitutional right for a party to have appointed counsel in post-conviction applications. These proceedings are civil rather than criminal in nature. . . ." *Noble* v. *Sigler*, 351 F.2d 673, 678 (8th Cir. 1965), *cert. denied*, 385 U.S. 853 (1966). *See also Smyth* v. *Godwin*, 188 Va. 753, 760, 51 S.E.2d 230, 233, *cert. denied*, 337 U.S. 946 (1949). This rule applies to habeas proceedings in a trial court, *Darnell* v. *Peyton*, 208 Va. 675, 677, 160 S.E.2d 749, 750 (1968), and to habeas appeals, *Cooper* v. *Haas*, 210 Va. 279, 281, 170 S.E.2d 5, 6-7 (1969).

"[T]he right to effective assistance of counsel is dependent on the right to counsel itself." *Evitts* v. *Lucey*, ____ U.S. ____, ____ n.7 (1985). Because Howard did not have a constitutional right to counsel in his prior habeas proceeding, he could not have been denied the effective assistance of counsel by Maupin's alleged shortcomings in handling that proceeding either in the trial

court or on appeal. *Wainwright* v. *Torna*, 455 U.S. 586, 587-88 (1982).

We hold that habeas corpus does not lie to correct errors of counsel allegedly committed in a prior habeas proceeding. Accordingly, we will dismiss Howard's petition for a writ of habeas corpus.

*Petition dismissed.*