PRESENT: All the Justices

R. WALKER (WARDEN), LUNENBURG
CORRECTIONAL CENTER

OPINION BY
v. Record No. 151848                                  JUSTICE S. BERNARD GOODWYN
                                                              September 8, 2016
CHRISTOPHER FORBES

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Michael F. Devine, Judge

In this appeal, we consider whether the circuit court erred in ruling that a defendant has a

federal constitutional right to counsel in a probation revocation hearing.

BACKGROUND

On January 24, 2001, Christopher Forbes (Forbes) entered a guilty plea in the Circuit

Court of Fairfax County to petit larceny as a third offense. On June 2, 2001, he was sentenced to

four years' imprisonment, with two years and ten months suspended, and probation upon his

release. On February 14, 2005, after his release and while still on probation for the petit larceny

as a third offense conviction, Forbes pled guilty to robbery and abduction, and on May 5, 2005,

he was sentenced to 15 and 20 years' imprisonment for those respective convictions, with 10

years suspended on each count, and five years' probation upon his release.

Because the new convictions constituted a violation of Forbes' probation on the 2001

petit larceny as a third offense conviction, the circuit court issued a warrant and, while Forbes

was still incarcerated on the robbery and abduction convictions, held a probation revocation

hearing.[*] At that hearing, Forbes did not deny that he had committed new crimes while on

---

[*] The circuit court issued the initial bench warrant for Forbes on June 7, 2005, and the Department of Corrections issued an "Offender Detainer Notification," which stated that Forbes was notified that his 2005 convictions violated his 2001 probation. However, Forbes was not served until early 2011. On November 15, 2013 the court executed a second warrant and held the revocation hearing on that day.

probation. However, he asked for a less severe punishment than the one year recommended by the Commonwealth. The circuit court found Forbes in violation of the terms of his probation on the 2001 petit larceny conviction, and ordered that Forbes serve nine months of his suspended sentence. It entered an order to that effect on December 13, 2013.

On December 30, 2013, Forbes wrote to his appointed counsel claiming that the circuit court had lacked an indictment for the 2001 petit larceny charge, and requesting that counsel either appeal the re-imposed nine-month sentence, or inform Forbes in writing why no appeal was necessary. Counsel responded in a January 3, 2014 letter that included a copy of the 2001 indictment, stating that "frankly, there is no legal basis to pursue on appeal" because "during the plea colloquy you informed the court that you had received a copy of the indictment before being called on to plea," and he directed Forbes to hire a new attorney if he still wished to appeal. Forbes did not respond.

On October 31, 2014, Forbes filed a petition for a writ of habeas corpus in the circuit court, alleging "a 'manifest injustice' occurred and that he was prejudiced as a result of counsels [sic] ineffective assistance in violation of the Constitution," citing the Sixth and Fourteenth Amendments to the Constitution of the United States. He argued that counsel was ineffective in failing to inform the court that it lacked jurisdiction for want of an indictment, in failing to present Forbes with information concerning that jurisdictional ground for a direct appeal, and in "refus[ing] to file an appeal after his client made known his desire to do so."

The Warden of the Lunenburg Correctional Center responded by moving to dismiss the petition. In the motion to dismiss, the Warden relied on *Gagnon v. Scarpelli*, 411 U.S. 778, 787-89 (1973), in which the United States Supreme Court held that there is no *per se* constitutional right to counsel at a probation revocation proceeding, to argue that, because Forbes was not

2

constitutionally entitled to counsel at the revocation hearing, he was not entitled to effective assistance of counsel on appeal.

By letter opinion on July 22, 2015, the habeas court denied the Warden's motion to dismiss and granted Forbes a delayed appeal to the Court of Appeals of Virginia. The habeas court stated that *Gagnon* did not say that counsel was never required at probation revocation hearings, but rather that "the decision as to the need of counsel must be made on a case-by-case basis in the exercise of a sound discretion by the state authority charged with the responsibility for administering the probation and parole system." (quoting *Gagnon*, 411 U.S. at 790). The habeas court then distinguished *Gagnon*—in which the Supreme Court determined that no counsel was constitutionally required—from this case on the ground that the revocation proceeding in *Gagnon* resembled a parole revocation hearing in Virginia, whereas Forbes' probation revocation "very much resembled a criminal trial."

The habeas court then stated that, in Virginia, the authority charged with determining when counsel is needed is the General Assembly, which has enacted Code §§ 19.2-157 and -158, requiring the court to inform probationers facing revocation of their right to counsel. Thus, it concluded that Virginia defendants have a statutory right to counsel during probation revocation hearings and appeals. The habeas court concluded by ruling that counsel's performance was deficient because he failed to file the requested appeal, and granted Forbes leave to file an appeal.

The Warden moved for reconsideration, arguing that Virginia's statutory appointment of counsel at probation revocation hearings does not create a constitutional right to counsel or to the effective assistance of counsel, and asked the habeas court to find that although Forbes had a statutory right to counsel at the revocation hearing, he did not have a constitutional right to

3

effective assistance of counsel at the hearing or on appeal. He continued that Forbes' hearing did not give rise to a constitutional due process right to counsel under *Gagnon* because it was "routine." The habeas court denied the motion for reconsideration, and this Court granted the Warden's appeal on the following assignment of error:

> The habeas court erred in ruling that Forbes was denied the effective assistance of counsel in appealing the revocation of his suspended sentence.

ANALYSIS

"Because entitlement to habeas relief is a mixed question of law and fact, the habeas court's findings and conclusions are not binding upon this Court, but are subject to review to determine whether the court correctly applied the law to the facts." *Zemene v. Clarke*, 289 Va. 303, 306-07, 768 S.E.2d 684, 686 (2015).

A petitioner seeking relief "by habeas corpus on the ground of ineffective assistance of counsel has the burden of proving the charge made." *Peyton v. Fields*, 207 Va. 40, 44, 147 S.E.2d 762, 766 (1966). Because "[t]he right to effective assistance of counsel is dependent on the right to counsel itself," *Howard v. Warden of Buckingham Correctional Center*, 232 Va. 16, 19, 348 S.E.2d 211, 213, (1986) (quoting *Evitts v. Lucey,* 469 U.S. 387, 396 n.7 (1985)), "before a person can assert a claim of ineffective assistance of counsel he first must establish that he has a right to counsel." *Dodson v. Director*, 233 Va. 303, 306, 355 S.E.2d 573, 575 (1987) (citing *Wainwright v. Torna*, 455 U.S. 586, 587-88 (1982); *Lucey*, 469 U.S. at 396 n.7). Where there is no constitutional right to counsel, there can be no deprivation of effective assistance. *Torna*, 455 U.S. at 587-88.

In the context of probation revocation, the constitutional right to counsel, if any, flows from the Due Process Clause of the Fourteenth Amendment rather than from the Sixth Amendment. *See Gagnon,* 411 U.S. at 790 (identifying "fundamental fairness – the touchstone

4

of due process," as the source for the right to counsel in revocation proceedings). This is because "the revocation of parole is not a part of a criminal prosecution." *Id.* at 781 (citing *Morrissey v. Brewer*, 408 U.S. 471, 480 (1972) (holding that "the revocation of parole is not part of a criminal prosecution and thus the full panoply of rights due a defendant in such a proceeding does not apply to parole revocations")); *see also Commonwealth v. Jackson*, 267 Va. 226, 229, 590 S.E.2d 518, 519 (2004) (holding that "in Virginia, while a probation revocation hearing is a criminal proceeding, it is not a stage of a criminal prosecution") (internal quotation marks and citation omitted).

However, because such proceedings raise the possibility of a serious loss of liberty, a probationer is entitled to due process – specifically, a hearing on probable cause and a subsequent hearing prior to the final revocation decision. *Gagnon,* 411 U.S. at 782. But due process does not always require the presence of counsel at revocation hearings; indeed, "the presence and participation of counsel will probably be both undesirable and constitutionally unnecessary in most revocation hearings." *Id.* at 790. Nevertheless, "there will remain certain cases in which fundamental fairness—the touchstone of due process—will require" counsel at such proceedings. *Id.* While declining to formulate a precise rule for identifying those proceedings in which counsel may be required, the court stated that

> Presumptively, it may be said that counsel should be provided in cases where, after being informed of his right to request counsel, the probationer or parolee makes such a request, based on a timely and colorable claim (i) that he has not committed the alleged violation of the conditions upon which he is at liberty; or (ii) that, even if the violation is a matter of public record or is uncontested, there are substantial reasons which justified or mitigated the violation and make revocation inappropriate, and that the reasons are complex or otherwise difficult to develop or present. In passing on a request for the appointment of counsel, the responsible agency also should consider, especially in doubtful cases, whether the probationer appears to be capable of speaking effectively for himself.

*Id.* at 790-91.

5

Additionally, any statutory right to counsel in postconviction proceedings arises from legislative grace and does not create a constitutional right to counsel or the concomitant constitutional right to the effective assistance of counsel. *See People v. Hardin*, 840 N.E.2d 1205, 1212 (Ill. 2005) (holding that "[t]he right to assistance of counsel in postconviction proceedings is a matter of legislative grace"; "[t]here is no corresponding constitutional right to effective assistance of postconviction counsel . . . and a defendant is guaranteed only the level of assistance provided by [state statutory provisions on post-conviction procedure]"); *Frazier v. State*, 303 S.W.3d 674, 680 (Tenn. 2010) (explaining that the obligations and responsibilities of statutorily appointed counsel are governed by the Tennessee Supreme Court rules, not the Constitution); *see generally* 3 Wayne R. LaFave et al., Criminal Procedure § 11.7(a), at 944 n.10 (4th ed. 2015).

Here, Forbes' sole contention is that he "has a [federal] constitutional right to counsel, and effective assistance of counsel, at a probation revocation hearing or on appeal" under *Mempa v. Rhay*, 389 U.S. 128 (1967), because the circuit court had discretion in the amount of the defendant's sentence re-imposed as a result of the probation violation. In *Mempa*, the United States Supreme Court held that sentencing constitutes a critical stage of a criminal proceeding at which counsel is required. *Id.* at 137. However, *Mempa* is limited to cases in which "the sentencing has been deferred subject to probation," *id.* at 130, and its "line of reasoning does not require a hearing or counsel at the time of probation revocation in a case . . . where the probationer was sentenced at the time of trial." *Gagnon,* 411 U.S. at 781. Forbes was sentenced at his 2001 trial, so *Mempa* is inapposite.

Therefore, we must assess under United States Supreme Court case law whether Forbes had a federal constitutional right to counsel at the hearing based upon a due process analysis.

6

Forbes cannot meet the requirements of review regarding a due process right to counsel as explained in *Gagnon* because he admitted violating his probation by committing new crimes and did not otherwise contest revocation, and he did not present any circumstances mitigating or justifying the violation. Thus, Forbes' probation revocation hearing was not one in which fundamental fairness gave rise to a due process constitutional right to counsel.

## CONCLUSION

Forbes had no federal constitutional right to counsel in his probation revocation hearing. Therefore, he could not have been denied the effective assistance of that counsel. *See Torna*, 455 U.S. at 587-88; *Howard*, 232 Va. at 19-20, 348 S.E.2d at 213. Because the habeas court erred in ruling otherwise, we will reverse the ruling of the habeas court, which granted the petitioner a delayed appeal.

*Reversed and final judgment.*