John Daniel **BROWN**, Appellant,

v.

Dale C. **CAMERON**, Superintendent, St. Elizabeths Hospital, Appellee.

No. 19414.

United States Court of Appeals District of Columbia Circuit.

Oct. 29, 1965.

Bazelon, Chief Judge, dissented.

Mr. John D. Brown filed pleadings pro se.

Messrs. John C. Conliff, Jr., U. S. Atty., and Frank Q. Nebeker, Asst. U. S. Atty., entered appearances for appellee.

Before BAZELON, Chief Judge, WILBUR K. MILLER, Senior Circuit Judge, and BURGER, Circuit Judge, in Chambers.

PER CURIAM.

### ORDER

It appearing from the original record herein that appellant has been allowed by the District Court to prosecute this appeal without prepayment of costs, and that appellant's request for appointment of counsel has been referred by the District Court to this court for attention, it is

ORDERED by the court that the aforesaid request for appointment of counsel is denied, and the time for filing appellant's brief is extended for a period of 40 days from the date hereof.

BAZELON, Chief Judge, dissented.

### OPINION

PER CURIAM:

Petitioner's motion for release from St. Elizabeths on habeas corpus was de-

nied by the District Court, which then routinely granted an appeal in forma pauperis. The question of appointment of counsel for this appeal is now before us.

■ Normally we would provide counsel upon request or even without an express request on an appeal allowed without prepayment of costs,[1] but Petitioner here affirmatively rejects counsel. In a letter to the Clerk of this court, subsequent to allowance of his appeal, he asked for a transcript of the proceedings in the trial court but said that because of difficulties with his lawyers in the past and although any other member of the bar who is appointed may not be objectionable, "I prefer to personally direct to the Courts [*sic*] attention those issues and points which I see as pertinent."

Even assuming that Petitioner desired a lawyer or that the court should consider whether counsel should be appointed for the court's convenience regardless of his desires, there are additional and substantial reasons against appointing counsel in this case.

■ This is Petitioner's seventh habeas corpus proceeding in the five years since he was sent to St. Elizabeths after being found not guilty by reason of insanity on a robbery charge. A previous similar petition should not necessarily preclude a later one, of course, since the issue in each attempt is the *current* state of the detained person's mental condition and is unlike a repetitive attack on a criminal conviction[2]; however, the number of attempts by this one petitioner and his rejection of counsel make this a case where we ought not force counsel on him.

Petitioner claims that he is not mentally ill and that holding him in St. Elizabeths is unconstitutional. At trial, also, he objected that the evidence of his insanity was insufficient because the St. Elizabeths staff psychiatrist who testified as to his mental illness did not give the basis for his testimony.[3] It is clear from the record that Petitioner's claims have no merit. The expert witness had had Petitioner under his care, and he testified to five manifestations of Petitioner's illness; he gave his opinion that Petitioner was suffering from schizophrenic reaction, paranoid type. He also testified that the phrasing of the petition for habeas corpus was itself characteristic of one suffering from this illness. In his petition Petitioner also alleged a First Amendment violation; he claims to be a Christian Scientist whose sense of reality is different from that of the doctors.

Petitioner's problems are inherent in the circumstances of his case, and are not the result of a poor performance by his lawyer. The trial judge, who was aware of the peculiar handicaps under which the lawyer labored,[4] commended him for his "splendid effort." "Under the circumstances * * * I do not think it could have been done better."

There being no desire for counsel by Petitioner, and there being no non-

---

1. There is, of course, no constitutional requirement of appointment of counsel in the trial court hearing in a habeas corpus proceeding, Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963) (dictum); Dorsey v. Gill, 80 U.S. App.D.C. 9, 148 F.2d 857, cert. denied, 325 U.S. 890, 65 S.Ct. 1580, 89 L.Ed. 2003 (1945), although where the circumstances warrant it we assume counsel would be appointed. See United States v. Wilkins ex rel. Wissenfeld, 281 F.2d 707, 715 (2d Cir. 1960). It would follow that there is likewise no constitu-

tional requirement of appointment of counsel on appeal, although sound judicial administration will suggest the need for counsel in some cases.

2. Cf. Stewart v. Overholser, 87 U.S.App. D.C. 402, 186 F.2d 339 (1950).

3. This witness was called by Petitioner, not by the government, against the advice of his counsel.

4. For example, Petitioner would not consent to examination by an independent psychiatrist, as recommended by counsel, because of his Christian Science beliefs.

frivolous points raised, we consider it unnecessary to appoint counsel.

Motion for appointment of counsel denied.

BAZELON, Chief Judge (dissenting):

Following his acquittal by reason of insanity in 1960, petitioner was committed to Saint Elizabeths Hospital for treatment. He initiated this habeas corpus proceeding to obtain his release on the grounds that he has regained his sanity. The District Court dismissed his petition but granted leave to appeal in forma pauperis and referred petitioner's motion for appointment of counsel to this court. I would grant that motion.

Petitioner requested a copy of the transcript in order to "personally" present certain issues. By this request, say the majority, petitioner "affirmatively" rejected the assistance of counsel. I cannot agree. Petitioner's letter of request is at least ambiguous. A waiver of assistance of counsel must be neither ambiguous nor lightly implied. Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). All that appears here is that petitioner, as a result of past difficulties with counsel, simply wanted to bring certain matters to the court's attention. With reference to his past dissatisfaction with counsel, petitioner expressly stated: "This is not to say that any member of the bar who is appointed to me will be the same."

As the majority point out, we normally appoint counsel in these cases. A party is denied assistance only if the issues are plainly frivolous or the appeal is taken for delay. By allowing an appeal in this case, the District Court has determined that neither ground for denial is present here. I see no reason to disturb this finding. On the contrary, the issues presented are such as to require the assistance of counsel for the benefit of the court as well as petitioner.

Petitioner claims before us that the issue of sanity was improperly presented below by appointed counsel. Based upon the limited amount of evidence produced, the manner in which it was presented, and counsel's failure to present certain evidence, a difficult question is presented. See Rollerson v. United States, 119 U.S.App.D.C. 400, 343 F.2d 269 (1964); and Jackson v. United States, 118 U.S. App.D.C. 341, 343, 336 F.2d 579, 581 (1964) (separate opinion).

Also, according to petitioner's uncontradicted claim at the hearing below, he has received virtually no treatment during his confinement. Whether this would entitle petitioner to release raises another difficult question which requires the aid of counsel on appeal. See Darnell v. Cameron, 121 U.S.App.D.C. ——, 348 F.2d 64 (1965); Ragsdale v. Overholser, 108 U.S.App.D.C. 308, 315, 281 F.2d 943, 950 (1960) (concurring opinion); Birnbaum, Some Comments on "The Right to Treatment", 13 ARCH. GEN. PSYCHIATRY 34 (1965).

The Government's insistence that petitioner is presently insane hardly reassures us that he will be able to present these issues properly. Thus, petitioner's poverty and mental condition will effectively shackle a fair presentation and consideration of this appeal from the District Court unless, acting *pro se*, he can persuade the Supreme Court to direct the appointment of counsel. See Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956); Coppedge v. United States, 369 U.S. 438, 446–447, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962).