**Ruben J. FLOWERS, Appellant,**

v.

**The STATE OF OKLAHOMA and Ray Page, Warden, State Penitentiary, Appellee.**

**No. 8513.**

United States Court of Appeals
Tenth Circuit.

March 1, 1966.

William A. Hillhouse, II, Denver, Colo., for appellant.

Charles L. Owens, Asst. Atty. Gen. (Charles Nesbitt, Atty. Gen., on the brief), for appellee.

Before LEWIS, BREITENSTEIN and HILL, Circuit Judges.

HILL, Circuit Judge.

Appellant, presently confined in the Oklahoma Penitentiary, appeals from a denial of his petition for a writ of habeas corpus.

The undisputed record shows that he was charged in the District Court of Pottawatomie County, Oklahoma, with the crime of burglary in the second de-

gree, after conviction of a felony. A jury trial was had and a verdict of guilty resulted. Under Oklahoma procedure,[1] a two-stage trial is required when an accused is charged as Flowers was and such a two-stage trial was had in this case. In the first stage the state presents evidence as to the guilt of the accused of the particular crime charged which was second degree burglary and the jury then returns a verdict upon that phase of the accusation. If a guilty verdict is then returned, evidence of prior felony convictions is presented to the same jury for its consideration. The jury in this case first returned a verdict of guilty as to the crime of second degree burglary and after hearing evidence of former felony convictions again retired and then returned a verdict of "guilty of burglary in the second degree after a prior conviction of a felony" and assessed his punishment at twenty years imprisonment in the state penitentiary. No appeal was taken from this judgment of conviction and sentence.

After incarceration in the penitentiary Flowers filed a petition for a writ of habeas corpus in the Oklahoma Court of Criminal Appeals pro se alleging that he had received an excessive sentence of twenty years because the statutory maximum penalty for the crime for which he was convicted was seven years. That court, after examining the pleadings and record, found that although Flowers had been tried, convicted and sentenced for the crime of burglary in the second degree, after a felony conviction, the journal entry of judgment recited that the accused was found guilty of second degree burglary without further reciting "after a felony conviction". That court denied the writ but directed the sentencing court to conduct a nunc pro tunc proceeding and correct the original court records. Such a proceeding was had in the sentencing court and the records were corrected.

Appellant attempted to compel his presence at the nunc pro tunc proceeding but his requests were denied. He then filed his petition for a writ of habeas corpus in the Eastern District of Oklahoma, which was denied upon the basis of the pleadings and record and without an evidentiary hearing. There appellant urged that the Oklahoma Court of Criminal Appeals had no authority to direct the holding of a nunc pro tunc proceeding in the sentencing court because that court had lost jurisdiction and that he was denied his constitutional right to be present at the nunc pro tunc hearing and to be represented by counsel.

Appellant urges two points here: (1) The trial court erred in denying his petition without an evidentiary hearing, and (2) the court also erred in not appointing counsel, pursuant to his request, to aid him in preparing his case in that court.

■ We need not tarry long on either point. After reviewing the record, it does not appear that the petition for habeas corpus alleged the deprivation of a constitutional right. Correction of the journal entry of judgment to reflect the actual verdict was within the province of the state courts. The mistake corrected was a mere clerical error. The procedure to be followed was certainly a matter for the state to determine and does not here rise to constitutional proportions. Certainly no new judgment or sentence was imposed in the nunc pro tunc proceeding. Furthermore, petitioner does not contend that the judgment, as modified, is incorrect.

■ The second point urged relates to the right to counsel at the habeas corpus proceeding below. In light of that court's disposition of the case with which we agree, there was no need for counsel. In any event, despite the ever increasing expansion of the right to counsel in criminal proceedings, habeas corpus is a civil proceeding, and it is settled law that there is no constitutional right to counsel in habeas corpus proceedings in federal courts. United States ex rel. Wissenfeld v. Wilkins, 2nd Cir., 281 F.2d 707; Dorsey v. Gill, 80 U.S.App.D.C. 9, 148 F.2d

---

1. 22 O.S.Ann. § 860.

857, cert. denied, 325 U.S. 890, 65 S.Ct. 1580, 89 L.Ed. 2003. In addition, as pointed out by the trial judge, there were no disputed factual issues in the case, the matter involved only questions of law and the court properly denied the petition on the basis of applicable law.

Affirmed.