Breitel, J.
 

 The issue is whether a relator in a habeas corpus proceeding brought to test a criminal detention is entitled, upon a proper exercise of discretion by the hearing court, to counsel on the hearing on the ground that relator was indigent and incapable of retaining counsel of Ms own selection. Despite his request at the hearing, relator was denied counsel for the
 
 *240
 
 reason that the proceeding was civil in nature rather than criminal.
 

 Relator is serving two consecutive prison terms of from four to five years each, following conviction in Westchester County Court on his plea of guilty to two counts of attempted grand larceny in the second degree. This was in 1962. In November, 1964 relator petitioned for a writ of habeas corpus on the grounds of illegal search under a search warrant issued without probable cause, that he was not advised on the preliminary hearing of additional charges against him, and that he was denied a proper hearing. Subsequently he pleaded guilty. On the habeas corpus hearing, after denial of counsel, relator made no showing in support of his petition; the writ was dismissed; and the Appellate Division affirmed. This court granted leave to appeal.
 

 On this record, no issue is presented on the merits and the petition is sparse indeed in establishing any merits.
 

 Whatever factors may be appropriate in providing an indigent criminal defendant with counsel, the fact that the proceeding he initiates is in habeas corpus, a proceeding often characterized as civil, is not a proper basis for distinction. A criminal defendant, who seeks postconviction relief by proceedings in the nature of
 
 coram nobis
 
 or in habeas corpus, should not be deprived of counsel on such formalistic distinctions. It has been held that in a proper case in a
 
 coram nobis
 
 proceeding a defendant is entitled to the appointment of counsel, if indigent
 
 (People
 
 v.
 
 Monahan,
 
 17 N Y 2d 310). If, in a habeas corpus proceeding, postconviction relief is sought to correct an error or defect in criminal proceedings, an indigent defendant is entitled to like representation. The nature and content of the relief sought and the basis of the error or defect charged should be determinative, and not the procedural or historical form of the proceeding utilized (cf.
 
 Smith v. Bennett,
 
 365 U. S. 708, 712, 714).
 

 In so holding, it is not concluded that in every habeas corpus proceeding, however baseless, or however repetitious, the court must burden the Bar with responsibilities for futile representation of litigious prisoners. It is concluded, however, that the mere form of the proceeding is not conclusive. Consequently, in a proper case, where a criminal defendant in his papers suggests a possible basis on the merits, although for lack of counsel’s
 
 *241
 
 advice, the presentation is vulnerable, and the petitioner is not engaging in repetitious litigiousness of the same or of specious issues, the hearing court, in the exercise of a sound discretion, should appoint counsel for an indigent defendant, especially on his request.
 

 Historically, long before the Supreme Court of the United States had held that criminal defendants were entitled to counsel in State courts as a matter of constitutional right, it has been the rule in this State that courts have the inherent power and the discretionary duty in proper cases to assign counsel to indigent criminal defendants
 
 (People
 
 v.
 
 Price,
 
 262 N. Y. 410, 412;
 
 People ex rel. Acritelli
 
 v.
 
 Grout,
 
 87 App. Div. 193, affd. 177 N. Y. 587). It was on this basis that this court held recently that a criminal defendant in a
 
 coram nobis
 
 proceeding should be allowed counsel
 
 (People
 
 v.
 
 Monahan,
 
 17 N Y 2d 310,
 
 supra).
 
 It cited the landmark case of
 
 People
 
 v.
 
 Price (supra)
 
 to the effect that the courts have this inherent power (17 N Y 2d, p. 313).
 
 *
 
 It is, therefore, on the same principle that the courts have a like power to exercise a proper discretion in a habeas corpus proceeding involving, except for form, an issue arising in or out of criminal proceedings. Counsel may, and in a proper case should be appointed to represent an indigent criminal defendant in a habeas corpus proceeding where there is at least a prima facie showing for a need for legal counsel, with the benefit of every reasonable doubt granted to the criminal defendant
 
 (Freeman
 
 v.
 
 State,
 
 87 Idaho 170;
 
 Commonwealth ex rel. Bell
 
 v.
 
 Russell,
 
 422 Pa. 232;
 
 State ex rel. Scott
 
 v.
 
 Boles,
 
 147 S. E. 2d 486, 490 [W. Va.];
 
 La Clair
 
 v.
 
 United States,
 
 35 U. S. Law Week 2423 [7th Cir., Jan. 11, 1967];
 
 Brown
 
 v.
 
 Cameron,
 
 353 F. 2d 835, 836-837;
 
 Cullins
 
 v.
 
 Crouse,
 
 348 F. 2d 887, 889;
 
 United States ex rel. Wissenfeld
 
 v.
 
 Wilkins,
 
 281 F. 2d 707, 714-716).
 

 Accordingly, the order of the Appellate Division should be reversed and the proceeding remanded to the County Court for a new habeas corpus hearing and for the hearing court in the
 
 *242
 
 exercise of discretion to consider the assignment of counsel to assist the relator in the proceedings.
 

 - Chief Judge Ftjld and Judges Van Voorhis, Burke, Scileppi, Bergan and Keating concur.
 

 Order reversed and case remitted to the County Court for further proceedings in accordance with the opinion herein.
 

 *
 

 Cf.
 
 People ex rel. Rogers
 
 v.
 
 Stanley
 
 (17 N Y 2d 256) in which it was held than an indigent mental patient was entitled to counsel in a habeas corpus proceeding as a matter of constitutional right, citing
 
 Baxstrom
 
 v.
 
 Herold
 
 (383 U. S. 107).