# Richmond

RAYMOND DARNELL v. C. C. PEYTON, SUPERINTENDENT OF THE
VIRGINIA STATE PENITENTIARY.

April 22, 1968.

Record No. 6666.

Present, Eggleston, C.J., Buchanan, Snead, I'Anson, Gordon
and Harrison, JJ.

*William S. Smithers, Jr.* (*N. Leslie Saunders, Jr.; Minor, Thompson, Savage & Smithers,* on brief), for plaintiff in error.

*Reno S. Harp, III, Assistant Attorney General* (*Robert Y. Button, Attorney General,* on brief), for defendant in error.

EGGLESTON, C.J., delivered the opinion of the court.

On March 3, 1965 Raymond Darnell filed in the court below a petition for a writ of habeas corpus attacking his current detention. Attached to the petition was an affidavit by Darnell that he "is without funds * * * to procure counsel to assist him in the proceedings of the prosecution of his writ" and that he "desires to be permitted to proceed in forma pauperis and to have counsel appointed for him." His request for the appointment of counsel was denied by the lower court and the petitioner represented himself at a hearing held on May 3, 1965. The record before us contains no transcript of that

hearing but shortly thereafter the court entered an order denying and dismissing the petition for a writ of habeas corpus.

Although the petition attacked the validity of petitioner's detention mainly on the ground that he had been convicted as a recidivist pursuant to Code § 53-296 [Repl. Vol. 1958], and that that statute was unconstitutional and had been misapplied in his case, the final order entered by the lower court shows that other matters were considered and disposed of at the hearing. The order recites that the writ should be denied because the court "is of the opinion that the petitioner has failed to establish by a preponderance of the evidence that first, he did not have adequate and effective representation by his court-appointed attorney, E. Ballard Baker, when he was tried in this court on September 27, 1962 or by his court-appointed attorney, Robert M. Wallace, when the suspended portion of his third-offender sentence was revoked in this court on March 25, 1964; second, that any of his constitutional rights were denied him; and third, that there was a denial of due process of law in his trials in this court."

The petitioner in proper person filed a notice of appeal and assignments of error to the order denying the writ. Among the assignments of error was one that the lower court had erred in failing to provide counsel for him at the plenary hearing held on May 3, 1965. On his motion we appointed William S. Smithers, Jr., Esquire, a member of the Richmond bar, to assist the petitioner in the prosecution and presentation of this appeal. The sole question presented to us in the briefs and oral argument is whether the lower court erred in not appointing counsel to assist the indigent petitioner in the prosecution of his petition for a writ of habeas corpus in that court.

In his brief the Attorney General argues that the action of the lower court in refusing to appoint counsel was proper, because, he says, "the petitioner did not make a request for counsel." But, as has been said, the affidavit filed with the petition for a writ of habeas corpus shows that such request was made. Hence we are not called upon to decide whether, in the absence of such request, an appointment should have been made. Cf. Wilbanks v. State, 91 Idaho 608, 428 P. 2d 527, 530 (1967).

We have not previously passed upon whether an indigent petitioner is entitled to the assistance of counsel in the prosecution of a petition for a writ of habeas corpus. The Appropriation Act of 1964, Ch. 658, Item 81(g), p. 1010, and the similar Act of 1966, Ch. 719, Item 88(g), p. 1444, provide for the payment of counsel fees as fixed by

the court in the prosecution of a petition for a writ of habeas corpus by an indigent petitioner. But there is no requirement in the Acts that such an appointment should be made. Similarly, Code § 14.1-183 [Repl. Vol. 1964], which provides that in a civil action an indigent "shall have, from any counsel whom the court may assign him, * * * all needful services * * * , without any fees to them therefor," does not specifically require the appointment of such counsel.

While the Supreme Court of the United States has not passed upon the question whether an indigent petitioner is entitled to the assistance of counsel in the prosecution of a habeas corpus proceeding, a number of lower federal appellate courts and state appellate courts have spoken on the subject. They are generally in accord that an indigent petitioner has no constitutional right to such assistance. See 21 Am. Jur. 2d, Criminal Law § 322, p. 351, and cases there collected; *United States ex rel. Wissenfeld* v. *Wilkins,* 281 F. 2d 707, 715 (2d Cir. 1960); *Foster* v. *United States,* 345 F. 2d 675, 676 (6th Cir. 1965); *Cullins* v. *Crouse,* 348 F. 2d 887, 889 (10th Cir. 1965); *Brown* v. *Cameron,* 122 U.S.App.D.C. 297, 353 F. 2d 835, 836 (1965); *Flowers* v. *State of Oklahoma,* 356 F. 2d 916, 917 (10th Cir. 1966); *Douglas* v. *Maxwell,* 357 F. 2d 320, 321 (6th Cir. 1966); *LaClair* v. *United States,* 374 F. 2d 486, 489 (7th Cir. 1967); *People ex rel. Ross* v. *Ragen,* 391 Ill. 419, 63 N. E. 2d 874, 875, 162 A. L. R. 920 (1945); *Dutton* v. *Eyman,* 95 Ariz. 96, 387 P. 2d 799, 800 (1963); *Austin* v. *State,* 91 Idaho 404, 422 P. 2d 71, 74 (1966); *Commonwealth ex rel. Bell* v. *Russell,* 422 Pa. 232, 220 A. 2d 632, 634 (1966); *People ex rel. Williams* v. *LaVallee,* 19 N. Y. 2d 238, 225 N. E. 2d 735, 736-737 (1967).

It is generally held that the constitutional requirement that a defendant in a criminal prosecution is entitled to the assistance of counsel does not apply to a habeas corpus proceeding because it is a civil and not a criminal proceeding.* See *Barker* v. *State of Ohio,* 330 F. 2d 594 (6th Cir. 1964); *Douglas* v. *Maxwell, supra,* 357 P. 2d at 321; *People ex rel. Ross* v. *Ragen, supra,* 63 N. E. 2d at 875. Cf. *People ex rel. Williams* v. *LaVallee, supra,* 225 N. E. 2d at 736.

The rule adopted by the majority of the courts is that while a petitioner is not in every instance entitled to the assistance of counsel in the prosecution of his petition for a writ of habeas corpus, the nature and contents of the relief sought and the basis of the error or defect

---

* In *Smyth* v. *Godwin,* 188 Va. 753, 760, 51 S. E. 2d 230, 233 (1949), we held that a habeas corpus proceeding is a civil and not a criminal proceeding.

charged may require that such appointment be made. If it appears from a reading of the petition that the points raised are frivolous and plainly do not justify a judicial inquiry, as is frequently the case, the appointment of counsel is not required. *United States ex rel. Wissenfeld* v. *Wilkins, supra,* 281 F. 2d at 715; *Brown* v. *Cameron, supra,* 353 F. 2d at 836. On the other hand, as was pointed out in *United States ex rel. Wissenfeld* v. *Wilkins, supra,* where a petition "presents a triable issue of fact the clear presentation of which requires an ability to organize factual data or to call witnesses and elicit testimony in a logical fashion it is much the better practice to assign counsel." 281 F. 2d at 715. See also, *Dillon* v. *United States,* 307 F. 2d 445, 448 (9th Cir. 1962); *People ex rel. Williams* v. *LaVallee, supra,* 225 N. E. 2d at 736. We agree with that view.

In the present case the hearing of the habeas corpus proceeding involved not only the constitutionality and application of the recidivist statute [Code § 53-296], but also whether the petitioner had had adequate and effective assistance of counsel at his original trial in 1962 and at a proceeding in 1964 when the suspended portion of his sentence was revoked. The allegations in the petition were not dismissed by the lower court as being frivolous. On the contrary, they were treated as substantial and meriting a full hearing. Indeed, the brief of the Attorney General concedes that the petition "presented a case wherein a plenary hearing was necessary." We hold that in this situation the petitioner was entitled to the assistance of counsel and that the court erred in denying his request therefor.

The order denying the writ of habeas corpus is reversed and the case remanded to the lower court with the direction that counsel be appointed to represent the petitioner and that he be afforded a plenary hearing on the allegations of his petition.

*Reversed and remanded.*