## CIRCUIT COURT OF FAIRFAX COUNTY

William T. Robinson

v.

George Deeds,
Warden

January 10, 2000

Case No. (Law) 180947

BY JUDGE STANLEY P. KLEIN

In this action, petitioner William T. Robinson seeks a writ of habeas corpus to secure release from his incarceration pursuant to the sentences imposed by this court in its orders entered November 12 and November 14, 1997. On behalf of the Respondent George Deeds, Warden, Red Onion State Prison, the Office of the Attorney General of Virginia has filed a Motion to Dismiss Robinson's Petition on the ground that the petition, the record in the underlying criminal cases, and the affidavits filed establish that there is no basis for the court to grant Robinson the relief that he seeks. In response, Robinson has moved the court to appoint counsel to represent him in these proceedings and to grant him a plenary evidentiary hearing on his claims that his constitutional rights were denied in the underlying criminal cases. After a thorough review of the pleadings filed herein, the record of the underlying criminal cases, and the affidavits submitted by Robinson, the court concludes that the petition is without merit. As a result, Robinson's motions are denied and Respondent's Motion to Dismiss is granted.

## I. *Background*

In July 1997, Robinson was indicted on charges of the June 18, 1997, capital murder and attempted robbery of Sandra Maria Zembruski (Criminal No. 92493), the June 14, 1997, robbery, abduction, and use of a firearm during the robbery of Darlene E. Robinson (Criminal No. 92494), and the July 16, 1997, robbery and malicious wounding of Suresh B. Sahanmugam (Criminal No. 92601). The Office of the Public Defender of Fairfax County was appointed to represent Robinson on July 25, 1997. On July 29, 1997, the Office of the Public Defender filed a Motion for Appointment of Additional Counsel with Experience in Capital Litigation to Assist Assigned Counsel. At the hearing on that motion, the Commonwealth's Attorney prosecuting the case advised the court that the Commonwealth intended to seek the death penalty on the capital murder charge. As a result, although lead counsel for Robinson, Clinton Middleton, the Deputy Public Defender for Fairfax County, had been qualified by the state to be lead counsel in a capital case, the court appointed Steven D. Benjamin, a private attorney from Richmond, Virginia, with extensive experience in capital murder cases, to be co-counsel.

Among numerous motions filed by defense counsel were a Motion for Authorization to Obtain Expert Assistance, wherein Robinson requested authorization to retain, *inter alia*, mental health experts, and a Motion to Suppress, wherein Robinson sought suppression of his statements to the police and any fruits thereof.[1] Pursuant to Robinson's Motion for Authorization to Obtain Expert Assistance, the court appointed Dr. Victor H. Elion, a forensic psychologist with extensive background in criminal cases, including capital cases, to assist the defense.

On October 27, 1997, the court conducted an evidentiary hearing on Robinson's Motion to Suppress. Numerous witnesses testified. After hearing the evidence and the arguments of counsel, the court took the motion under advisement and scheduled a hearing for 8:30 a.m. on October 31, 1997, to announce its ruling. When the court assumed the bench to render its ruling on the motion to suppress, counsel for the parties requested that the court not then rule because they were finalizing the terms of a plea agreement to be presented to the court. As a result of this joint request, the court suspended the proceedings for a few hours to enable the parties to finalize all of the details of the agreement. Shortly after noon that same day, Robinson entered pleas of guilty to each of the pending charges. After an extensive colloquy to insure

---

[1]  Robinson fully confessed his involvement in all three of the charged incidents shortly after his arrest.

that Robinson totally understood the consequences of his guilty pleas and constitutional right waivers, the court accepted the guilty pleas and, consistent with the plea agreement, sentenced Robinson to a total term of three life sentences plus forty-three years. No post-plea motions or appeals were filed in the underlying criminal cases.

On June 3, 1999, Robinson filed his Petition for Writ of Habeas Corpus. On July 13, 1999, he filed a Motion for Appointment of Counsel to Work As Co-Counsel in Habeas Corpus Proceedings. The Attorney General filed the pending Motion to Dismiss as Respondent's responsive pleading on July 26, 1999. Robinson countered on August 13, 1999, with his pending Motion and Brief in Support of Motion for Assistant Co-Counsel and an Evidentiary Hearing. Robinson also has filed a motion for summary disposition in his favor based upon the court's failure to rule on his petition within a certain period of time. This motion is without any basis in the law and is therefore summarily denied.

## II. *Analysis*

In his petition for writ of habeas corpus, Robinson alleges that (1) the court was in error in denying his motion to suppress and (2) he was denied effective assistance of counsel in violation of his rights under the United States and Virginia Constitutions. The court will address each of these contentions.

Contrary to the arguments of the parties on brief, the court never actually ruled on Robinson's motion to suppress. The court was prepared to rule, as scheduled, on October 31, 1997, but withheld ruling upon the joint request of counsel. At no time did Robinson object to counsels' request, either at the time it was made or later that day during the plea colloquy.[2] "A prisoner is not entitled to use habeas corpus to circumvent the trial and appellate processes for an inquiry into an alleged non-jurisdictional defect of a judgment of conviction." *Slayton v. Parrigan*, 215 Va. 27, 30 (1974), *cert. denied*, 419 U.S. 1108 (1975). Hence, Robinson lacks standing to seek habeas relief on this ground. *Id.*

Robinson next contends that the representation provided to him by three experienced members of the Office of the Public Defender for Fairfax County and the specific private attorney whom he asked the court to appoint as his co-

---

[2]  Although the court did not rule on the merits of the motion, the ruling that the court was prepared to make would not have provided support for Robinson's claims of ineffective assistance of counsel concerning either counsel's handling of the motion to suppress or the decision to allow Robinson to enter his pleas of guilty.

counsel in these cases fell below the standards for effective representation of counsel established by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). He further asserts that the court should now appoint counsel for him in these proceedings and provide him a full evidentiary hearing to present this argument.

## A. *Appointment of Counsel in Habeas Corpus Proceedings*

A petitioner in habeas corpus proceedings has no constitutional right to the appointment of counsel under either the United States or Virginia Constitutions. *Pennsylvania v. Finley*, 481 U.S. 551, 557 (1990); *Howard v. Warden*, 232 Va. 16, 19 (1986); *Darnell v. Peyton*, 208 Va. 675, 677 (1968). While a petitioner has no entitlement to the appointment of counsel, courts nonetheless have considered "the nature and contents of the relief sought and the basis of the error or defect charged" and determined whether to appoint counsel to a habeas petitioner. *Darnell*, 208 Va. 677-78. When a petition for writ of habeas corpus presents a disputed factual issue which requires the appropriate presentation of witnesses and evidence, the better practice is to appoint counsel. *Id.* at 678 (citations omitted). However, if it appears from the face of the petition that the issues raised are meritless, no counsel need be appointed. *Id.* (citations omitted). Hence, in order to decide whether the court should appoint counsel in this proceeding, the court must undertake a preliminary analysis of the *bona fides* of Robinson's ineffective assistance of counsel claim and determine whether further legal argument or the presentation of evidence is necessary or appropriate to analyze the merits of Robinson's remaining claim. As the law applicable to an ineffective assistance of counsel claim is clearly articulated in *Strickland v. Washington* and its progeny, the appointment of counsel for Robinson in these proceedings is only necessary if the court deems a plenary evidentiary hearing appropriate.

## B. *The Right to A Plenary Hearing in Habeas Corpus*

To insure that a criminal defendant receives a fair trial, as constitutionally mandated, while also allowing a state to achieve finality in its criminal proceedings, a habeas court may "minimize the burdens to all concerned through the use of affidavits or other simplifying procedures." *Murray v. Carter*, 477 U.S. 478, 487 (1986); *Yeatts v. Murray*, 249 Va. 285, 289 (1995).

The procedures governing habeas corpus proceedings in Virginia are set out in Va. Code § 8.01-654 *et seq.* Pursuant to Va. Code § 8.01-654(B)(1), "[H]earings on such petition, *where granted in the Circuit Court*, may be held

at any Circuit Court within the same Circuit ...." (emphasis added). The discretionary nature of providing a plenary hearing is further established by § 8.01-654(B)(4), which reads:

> In the event the allegations of illegality of the petitioner's detention can be fully determined on the basis of recorded matters, the court may make its determination whether such writ should issue on the basis of the record.

*Id.* Thus, the court must determine whether it can reasonably rule on the Motion to Dismiss based upon the pleadings herein, the record of the criminal proceedings, and Robinson's affidavits or whether an evidentiary hearing is appropriate. See *Yeatts*, 249 Va. at 288-89.

In *Anderson v. Warden*, 222 Va. 511 (1981), the Supreme Court addressed the effect of a guilty plea in the underlying criminal proceedings on a claim of ineffective assistance of counsel in subsequent habeas litigation. Citing the United States Supreme Court's landmark decision in *Boykin v. Alabama*, 395 U.S. 238 (1969), the Court noted that the purpose of ensuring a guilty plea colloquy is adequately set out in the record of the criminal proceedings is to "forestall 'the spin-off of collateral proceedings,' 395 U.S. at 244, that delay the finality of convictions in criminal cases." *Anderson*, 222 Va. at 515-16. As such, the Court in *Anderson* held "that the truth and accuracy of representations made by an accused as to the adequacy of his court-appointed counsel and the voluntariness of his guilty pleas will be considered conclusively established by the trial proceedings, unless the prisoner offers a valid reason why he should be permitted to controvert his prior statements." *Id.* at 516.

Robinson, in an attempt to avoid the obvious effect of the Supreme Court's holding in *Anderson*, argues that the record herein established that the court appointed a psychologist for the defense in the criminal proceedings and that the guilty pleas should not have been tendered or accepted without a determination of the voluntariness of the pleas by Dr. Elion. Robinson's attempts at revisionist history are totally unconvincing. The record of the underlying criminal proceedings clearly establishes that Dr. Elion was appointed to assist the defense in the presentation of evidence in mitigation. Nowhere in the motion for authorization to retain, *inter alia*, a psychologist, or the briefs filed in support thereof, did counsel ever raise an issue relating to Robinson's competence to stand trial or ability to understand the significance of the proceedings. Furthermore, the record is devoid of any evidence, from Robinson himself, or any other source, that he was not

competent to stand trial, assist in the preparation of his defense, or tender his pleas of guilty.

To the contrary, during the course of the thirty-three minute guilty plea proceedings, Robinson responded affirmatively to the court's request that he advise the court if there was anything that took place during the proceedings that he did not understand (Respondent's Exhibit # 1, p. 8) or if he needed to speak to his counsel (Respondent's Exhibit # 1, pp. 8-9). He further advised the court that he understood the charges against him (Respondent's Exhibit # 1, p. 10); had told his attorneys the facts and circumstances surrounding the case (Respondent's Exhibit # 1, pp. 10-11); was entirely satisfied with the services of his attorneys (Respondent's Exhibit # 1, p. 11); had decided for himself to enter the pleas of guilty after consultation with his attorneys (Respondent's Exhibit # 1, p. 11); was entering the pleas of guilty because he was in fact guilty of each of the offenses (Respondent's Exhibit # 1, pp. 11-12); had committed the offenses the way he had stated on the tape introduced at the suppression hearing (Respondent's Exhibit # 1, pp. 12-13); had no questions of his attorneys or the court about his guilty pleas (Respondent's Exhibit # 1, pp. 23-24, 25); and wanted to enter each of the guilty pleas because he was in fact guilty (Respondent's Exhibit # 1, p. 24).

After inquiring whether Mr. Middleton believed his client's pleas were properly tendered, the court found that the pleas of guilty and waivers of jury trial were made voluntarily with an understanding of the nature of the charges and the consequences of the pleas and the waivers. Accordingly, the court accepted the pleas of guilty. This court did not at any time during the criminal proceedings question the ability of the defendant to make rational and voluntary decisions, and the court's review of the record herein does not cause the court any hesitation in reaffirming the findings it made when it accepted the guilty pleas on October 31, 1997.

When the allegations of a habeas petition do not set forth reasons for a petitioner to disavow the representations he made in tendering his original guilty pleas, "no evidentiary hearing should be permitted." *Anderson*, 222 Va. at 516. As the record herein provides no credible basis for Robinson's after-the-fact contention that his guilty pleas were improper, the court exercises its discretion to decline to conduct a plenary hearing. Consequently, no reason exists for the court to appoint counsel in these habeas proceedings, and Robinson's motions for appointment of counsel and evidentiary hearing are denied.

### III. *Conclusion*

A review of the pleadings herein, the affidavits of Petitioner Robinson and the record of the underlying criminal proceedings lead to one unmistakable conclusion. Robinson's present detention arises not from any alleged ineffectiveness of his attorneys, but instead from his own voluntary decision to avoid the possible invocation of the death penalty by agreeing to lesser consequences for his criminal activity. Consequently, the court finds that Robinson has failed to allege, or establish by affidavit, any basis to support a finding of ineffective assistance of counsel under either prong of the *Strickland v. Washington* test. Respondent's Motion to Dismiss is therefore granted, and this action is dismissed.