# CIRCUIT COURT OF THE CITY OF CHESAPEAKE

Commonwealth of Virginia,
ex rel. Robert F. McDonnell,
Attorney General

v.

Financing Alternatives, Inc.,
and George H. Christian

February 23, 2009

Case No. CL07-2051

BY JUDGE RANDALL D. SMITH

At the February 11, 2009, hearing, the Court took under advisement the issue of whether the Court, in its discretion, should appoint an attorney to represent Mr. Christian in this action at public expense. Mr. Christian claims to be an indigent defendant. Mr. Christian was directed to appear before the Court on February 16, 2009, at 8:30 a.m. to present an indigency affidavit. Mr. Christian did not appear that morning. The Court received a communication later in the day that Mr. Christian was incapable of preparing the paperwork without the assistance of an accountant.

In the meantime, the Court has researched the issue of whether a defendant in a civil matter may have counsel appointed by the Court. Under Virginia Code § 17.1-606, an indigent resident of Virginia "shall have, from any counsel whom the court may assign him, and from all officers, all needful services and process, without fees, except what may be included in the costs recovered from the opposite party." This section was enacted to ensure access to the Court system by an indigent defendant, as is required by the United States Constitution.

The Supreme Court of Virginia has noted that, although there is a right to counsel in a criminal case, there is no such right in a civil case. *Darnell v. Peyton*, 208 Va. 675, 677, 160 S.E.2d 749, 750-51 (1968). The Supreme Court stated, "the constitutional requirement that a defendant in a criminal prosecution is entitled to the assistance of counsel does not apply to a habeas corpus proceeding because it is a civil and not a criminal proceeding." *Id.*, citing *Barker v. Ohio*, 330 F.2d 594 (6th Cir. 1964). In *Krieger v. Commonwealth*, the Virginia Court of Appeals, sitting *en banc*, considered whether or not Virginia Code § 17.1-606 required an indigent defendant to receive court appointed counsel in an appeal from a finding of civil contempt. In denying the request, the Court noted that, absent a state statute granting counsel for an indigent, appointed counsel has only been required in a civil matter when a person may be deprived of his personal liberty or when his parental rights may be terminated. *Krieger v. Commonwealth*, 38 Va. App. 569, 576, 567 S.E.2d 557, 560 (2002). The Constitution requires that the Court consider the nature of the Defendant's interest in determining whether or not to appoint counsel. It is therefore within the discretion of the Court to determine whether counsel should be appointed in a civil case. In exercising that discretion, the Court must find that without the appointment of counsel, the Defendant would unconstitutionally be denied either access to the Court system or a significant civil right.

In this case, regardless of the fact that the Defendant failed to timely appear, the Court declines to appoint counsel. The Defendant has not shown that he will be deprived of access to the Court system or another significant right without the appointment of counsel to represent him.