■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILLIAM J. BUSH, Appellant, v ALLEN RILEY, as Madison County Sheriff, Respondent. [966 NYS2d 922]—

Appeal from a judgment of the County Court of Madison County (DiStefano, J.), entered May 2, 2012, which denied petitioner's application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, without a hearing.

Petitioner was arrested pursuant to a parole violation warrant. The final parole revocation hearing was adjourned at the request of petitioner and his counsel, as they had not received the requisite 14-day notice (*see* Executive Law § 259-i [3] [f] [iii]). While awaiting decision following the final parole revocation hearing, petitioner commenced this proceeding pursuant to CPLR article 70 for a writ of habeas corpus on the basis that the parole revocation proceeding was improper. County

Court denied petitioner's application and petitioner now appeals.

Petitioner's arguments—concerning late notice of the final parole revocation hearing and validity of the parole violation warrant—are properly raised on direct appeal from the parole revocation decision and, accordingly, habeas corpus relief is unavailable (*see People ex rel. Wallace v Lavalley*, 102 AD3d 1038, 1039 [2013]; *People ex rel. Backman v Walsh*, 101 AD3d 1316, 1316 [2012], *lv denied* 20 NY3d 863 [2013]; *People ex rel. Lopez v People*, 79 AD3d 1555, 1556 [2010]). Furthermore, the record reveals no extraordinary circumstances warranting a departure from traditional orderly procedure (*see People ex rel. Wallace v Lavalley*, 102 AD3d at 1039; *People ex rel. Backman v Walsh*, 101 AD3d at 1316). Given the foregoing, we also reject petitioner's argument that County Court improperly failed to assign counsel to represent him (*see People ex rel. Williams v La Vallee*, 19 NY2d 238, 240-241 [1967]; *see also People ex rel. Ferguson v Campbell*, 186 AD2d 319, 319 [1992]).

Lahtinen, J.P., Spain, McCarthy and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.