Appeal from a judgment of the County Court of Madison County (DiStefano, J.), entered May 2, 2012, which denied petitioner’s application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, without a hearing.
Petitioner was arrested pursuant to a parole violation warrant. The final parole revocation hearing was adjourned at the request of petitioner and his counsel, as they had not received the requisite 14-day notice (see Executive Law § 259-i [3] [f] [in]). While awaiting decision following the final parole revocation hearing, petitioner commenced this proceeding pursuant to CPLR article 70 for a writ of habeas corpus on the basis that the parole revocation proceeding was improper. County *1250 Court denied petitioner’s application and petitioner now appeals.
Petitioner’s arguments — concerning late notice of the final parole revocation hearing and validity of the parole violation warrant — are properly raised on direct appeal from the parole revocation decision and, accordingly, habeas corpus relief is unavailable (see People ex rel. Wallace v Lavalley, 102 AD3d 1038, 1039 [2013]; People ex rel. Backman v Walsh, 101 AD3d 1316, 1316 [2012], lv denied 20 NY3d 863 [2013]; People ex rel. Lopez v People, 79 AD3d 1555, 1556 [2010]). Furthermore, the record reveals no extraordinary circumstances warranting a departure from traditional orderly procedure (see People ex rel. Wallace v Lavalley, 102 AD3d at 1039; People ex rel. Backman v Walsh, 101 AD3d at 1316). Given the foregoing, we also reject petitioner’s argument that County Court improperly failed to assign counsel to represent him (see People ex rel. Williams v La Vallee, 19 NY2d 238, 240-241 [1967]; see also People ex rel. Ferguson v Campbell, 186 AD2d 319, 319 [1992]).
Lahtinen, J.P., Spain, McCarthy and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.