*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  July 23, 2015                    106239
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                      MEMORANDUM AND ORDER

TALIB F. ALSAIFULLAH, Also
    Known as VICTOR DENNIS
    GOREE, Also Known as SALAAM
    GOREE,
                        Appellant.
_____

Calendar Date:  June 4, 2015

Before:  Garry, J.P., Rose, Devine and Clark, JJ.

_____

        Henry C. Meier, Delmar, for appellant.

        P. David Soares, District Attorney, Albany (Vincent Stark
of counsel), for respondent.

_____

Garry, J.P.

        Appeal from an order of the Supreme Court (Breslin, J.),
entered June 27, 2013 in Albany County, which, among other
things, denied defendant's motion pursuant to CPL 440.30 (1-a)
for the performance of forensic DNA testing on specified
evidence.

        In 1986, defendant was charged by indictment with one count
of rape in the first degree alleging that he had sexual
intercourse with a child under age 11.  Defendant pleaded guilty
to attempted rape in the first degree and was sentenced to 5 to
15 years in prison.  Thereafter, this Court affirmed his

conviction on appeal (136 AD2d 774 [1988], lvs denied 71 NY2d 892, 896 [1988]).  From 2001 to 2012, defendant made three separate motions pursuant to CPL article 440 seeking to vacate the judgment of conviction, and each was denied.  In this fourth such application, defendant seeks appointment of counsel and DNA testing of certain evidence pursuant to CPL 440.30 (1-a).  Supreme Court denied the motion.  Defendant appeals.

A criminal defendant does not have an unqualified right to the appointment of counsel in collateral proceedings (see County Law § 722 [4]; Pennsylvania v Finley, 481 US 551, 555 [1987]; People ex rel. Williams v La Vallee, 19 NY2d 238, 241 [1967]).  Here, no hearing was required, and defendant had previously sought DNA testing of the same evidence on two of his prior applications.  We find no abuse of discretion in Supreme Court's denial of his request for appointed counsel (see People ex rel. Williams v LaVallee, 19 NY2d at 241; People ex rel. Sanchez v Hoke, 132 AD2d 861, 862 [1987]; People v Richardson, 159 Misc 2d 167, 172 [Sup Ct, Kings County 1993]).  As it does not appear that defendant provided notice to the County Attorney, as required, we further find no error in the court's denial of defendant's request for poor person status (see CPLR 1101 [c]; Sebastiano v State of New York, 92 AD2d 966, 966 [1983]).

Defendant's challenge to the constitutionality of CPL 440.30 (1-a) is unpreserved, as this argument was not asserted before Supreme Court (see People v Mays, 54 AD3d 778, 778 [2008], lv denied 11 NY3d 927 [2009]; People v Schaurer, 32 AD3d 1241, 1241 [2006]).  Further, the record lacks any indication that defendant provided the Attorney General with notice of his challenge to the constitutionality of the statute (see Executive Law § 71 [1], [3]; People v Perez, 93 AD3d 1032, 1038-1039 [2012], lvs denied 19 NY3d 1000 [2012]). Accordingly, this argument is not properly before us.

Rose, Devine and Clark, JJ., concur.

ORDERED that the order is affirmed.


ENTER:

Robert D. Mayberger
Clerk of the Court