People v Maloy (2022 NY Slip Op 02312)

People v Maloy

2022 NY Slip Op 02312

Decided on April 7, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 7, 2022

111567
[*1]The People of the State of New York, Respondent,
v
Robert Maloy, Appellant.

Calendar Date:February 8, 2022

Before:Garry, P.J., Egan Jr., Pritzker, Colangelo and Ceresia, JJ.

Jane M. Bloom, Monticello, for appellant.
Meagan K. Galligan, District Attorney, Monticello (Lisa M. Bondarenka of counsel), for respondent.

Pritzker, J.
Appeal, by permission, from an order of the County Court of Sullivan County (LaBuda, J.), entered July 1, 2019, which denied defendant's motion pursuant to CPL 440.20 to set aside the sentence, without a hearing.
Following a jury trial, defendant was convicted in 2005 of murder in the second degree, gang assault in the first degree (three counts), attempted murder in the second degree, assault in the first degree, criminal use of a firearm in the first degree (two counts), criminal possession of a weapon in the second degree and criminal possession of a weapon in the fourth degree (two counts) and was sentenced to an aggregate prison term of 130 years to life followed by five years of postrelease supervision. Upon appeal, this Court modified the sentence imposed and otherwise affirmed the judgment of conviction (36 AD3d 1017 [2007], lv denied 8 NY3d 1017 [2007]).[FN1] Defendant subsequently filed a pro se motion pursuant to CPL 440.20 to vacate his sentence — raising various defects in the sentencing procedure and contending that the sentence imposed was illegal. County Court denied the motion without a hearing, and defendant's application for permission to appeal was denied by a Justice of this Court.
Following unsuccessful efforts to seek reargument of either the merits of his motion or the denial of his various attempts to seek leave to appeal, defendant filed a second motion to vacate his sentence pursuant to CPL 440.20. The People opposed the requested relief and, following defendant's reply, County Court again denied defendant's motion to vacate his sentence — reasoning that the arguments either were decided by or could have been raised in the context of defendant's original CPL 440.20 motion and defendant did not make any sworn allegations substantiating his arguments. In so doing, County Court also precluded defendant from filing "additional applications" without prior approval of the court. Defendant appeals, by permission, County Court's denial of his motion to vacate and, in the interim, unsuccessfully sought to reargue the merits of his motion.
Defendant, citing Penal Law § 70.30, which provides for the calculation of multiple sentences, contends that his sentence is unauthorized as a matter of law and must be capped at 50 years. Assuming, without deciding, that Penal Law § 70.30 applies, the statute at issue "does not affect the authority of the courts to impose multiple sentences or govern the lengths of individual sentences but instead . . . provides direction to the correctional authorities as to how to compute the time which must be served under the sentences" (People ex rel. Ryan v Cheverko, 22 NY3d 132, 136 [2013] [internal quotation marks and citations omitted]; accord People v Payson, 189 AD3d 1820, 1821 [2020], lv denied 36 NY3d 1099 [2021]). Thus, defendant's argument does not implicate the legality of his sentence but, rather, the manner in which correctional authorities are computing the execution thereof. As the [*2]relief sought by defendant does not fall within the ambit of CPL 440.20, County Court properly denied defendant's motion without a hearing.
Defendant's related assertion — that County Court abused its discretion in denying his request for assigned counsel — is also without merit. A proceeding pursuant to CPL 440.20 is collateral in nature (see People v Vanderhorst, 199 AD3d 119, 124 [2021], lv denied 37 NY3d 1099 [2021]) and, as this Court previously has recognized, "[a] criminal defendant does not have an unqualified right to the appointment of counsel in collateral proceedings" (People v Alsaifullah, 130 AD3d 1321, 1321 [2015]). In light of our holding as to the viability of defendant's motion to vacate his sentence, County Court did not abuse its discretion in declining to appoint assigned counsel for defendant (see id.).
We do however agree with defendant that County Court abused its discretion in ordering that prior court approval was required before any further motions were filed. Notably, the authority cited by County Court — 22 NYCRR part 130-1.1 — by its own terms applies to only civil actions or proceedings (see 22 NYCRR 130-1.1 [a]). Moreover, even if such authority does exist in a criminal action (see generally Johnson v State of New York, 77 AD3d 1034, 1034 n [2010], lv denied 16 NY3d 704 [2011]), defendant has not engaged in sufficiently excessive, protracted and/or unwarranted litigation as to justify such action here.
Garry, P.J., Egan Jr., Colangelo and Ceresia, JJ., concur.
ORDERED that the order is modified, on the law, by reversing so much thereof as precluded defendant from filing additional motions without prior approval of the County Court of Sullivan County, and, as so modified, affirmed.

Footnotes

Footnote 1: According to the records maintained by the Department of Corrections and Community Supervision, defendant currently is serving an aggregate prison term of 89 years, three months and six days to life.